TERRENCE F. FERGUSON, Appellant, *v.* JULIUS F. BRUCKMAN, Respondent, Impleaded with Others.

1. APPEAL — THE APPELLATE DIVISION HAS NO AUTHORITY TO REVERSE BY MODIFYING A PORTION OF AN ORDER NOT APPEALED FROM. Where it appears upon the face of an order of the Appellate Division that upon an appeal from an order of the Special Term it reversed a portion thereof ordering a new trial, which was not appealed from, by modifying it and directing that the trial be continued before a different referee than that named in the Special Term order, the appellant has the right to insist in the Court of Appeals upon an appeal thereto from an affirmance by the Appellate Division of the judgment obtained against him upon the trial had in pursuance of such order, that the order was in excess of the authority of the Appellate Division, and, hence, that the proceedings based thereon were illegal.

2. ALL GROUNDS RELIED UPON FOR DISMISSAL MUST BE SPECIFIED ON FIRST MOTION THEREFOR. Where a motion has been made for the dismissal of an appeal to the Court of Appeals, a subsequent motion, based upon grounds which were not brought to the attention of the court upon the first motion, must be denied; since a party may not make as many separate motions to dismiss an appeal as he has, or supposes he has, distinct grounds therefor, but must instead assign on his first motion all the reasons that he relies upon for a dismissal.

*Ferguson* v. *Bruckman*, 18 App. Div. 358; 26 App. Div. 628, reversed.

(Argued October 9, 1900; decided November 20, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 1, 1898, modifying and affirming, as modified, a judgment in favor of defendant, entered upon the report of a referee, and also an appeal from an order of said Appellate Division, entered July 7, 1897, modifying an order of Special Term which vacated a judgment and directed a new trial before another referee, and directing that the report of the referee and the judgment entered thereon be set aside and the trial continued before the former referee.

A motion to dismiss the appeals herein upon the grounds that the judgment was interlocutory, and, therefore, not appealable, and that the right to appeal from the order had been waived by going back to the new or continued trial

ordered, was made in this court October 7, 1898, and denied October 25, 1898. (See 157 N. Y. 688.)    The motion to dismiss the appeal from the order was renewed upon the argument, upon the ground that the plaintiff had accepted a benefit under the order, and, therefore, could not appeal therefrom.

This was an action between partners, both of whom demanded judgment settling their rights and directing a distribution of the assets of the partnership.

The facts, so far as material, are stated in the opinion.

*George S. Billings* for appellant. Where reference has been made to hear and determine an action, and a trial has been had and a decision made determining all the rights of the parties, and final judgment has been entered thereon, the court has no power in setting aside the judgment on the ground of newly-discovered evidence or any similar ground to direct a continuance of the trial already had and ended. No such remedy is given by law. The only remedy is a new trial. (*Heath* v. *N. Y. B. L. B. Co.*, 84 Hun, 302; 146 N. Y. 260; *Rockwell* v. *Carpenter*, 25 Hun, 529; *McLean* v. *Stewart*, 14 Hun, 472; *Oakley* v. *Cokalete*, 6 App. Div. 229; *Gilfoyle* v. *Pierce*, 9 App. Div. 1; *Kamp* v. *Kamp*, 59 N. Y. 215; *Bohlen* v. *M. E. R. R. Co.*, 121 N. Y. 546; *Ferguson* v. *Bruckman*, 16 App. Div. 67.)

*Sidney V. Lowell* for respondent. The order opening and continuing the trial was a proper one. (*Maicas* v. *Leony*, 113 N. Y. 619; *Roberts* v. *White*, 73 N. Y. 375.)

PARKER, Ch. J. The appellant contends that the judgment before the court is not grounded upon a lawful trial and that, therefore, his rights are being unlawfully invaded by it. That his contention is well founded will readily appear from a brief statement of the procedure leading up to the judgment. By the consent of both parties the court at Special Term made the following order: " It is ordered, that it be and it is hereby referred to Sanders Shanks, Esq., to hear and determine this

action and all the issues therein." The case was tried before the referee and about three months later he made his decision, wherein he decided all of the issues in the action and upon which a final judgment was rendered, from which no appeal was taken. About a month after such entry of judgment the defendant, claiming that through misunderstanding and inadvertence he had neglected to prove that there were other assets that had been realized by the plaintiff, which had they been proved would have entitled him to judgment against the plaintiff in still greater amount, obtained an order referring such matters to the same referee with directions that he proceed to take the proofs of the parties as to the said collections and receipts and take and state an account. An appeal was thereupon taken by the plaintiff to the Appellate Division, where the order was reversed, without costs, but " with leave to the defendant to apply at Special Term to vacate the judgment," the court appreciating that while that final judgment stood in full force and effect, determining as it did all the issues between the parties, there was no foundation for a further reference in the matter. A few weeks later the court at Special Term made an order vacating the judgment and granting a new trial before Almet F. Jenks, Esq., " to whom it is referred to hear and determine the action and all the issues therein, and to take and state the accounts of the parties. This order is made upon the following terms and conditions, to wit : " That the defendant pay to the plaintiff within ten days from the date of this order, or, if an appeal from this order be taken within that period, then within ten days after the determination of such appeal, the sum of $459.35, paid by the plaintiff pursuant to such judgment ; also the sum of $119.90, expended by the plaintiff for stenographer's fees on the former trial ; also the plaintiff's costs of the action for all proceedings to date ; and that the defendant stipulate that no costs be awarded him herein, except for proceedings to be hereafter had." An appeal being taken to the Appellate Division from a portion of the order only, that court, without authority, as will appear from

an examination of the notice of appeal and the order made thereon, modified the order by reversing a portion of it not appealed from and directed that the trial of the action be continued before Sanders Shanks, Esq., who was the referee upon whose decision the first judgment was rendered.

The notice of appeal states that the defendant appeals " from each and every part of said order, except that part of the order vacating the judgment herein, dated December 7th, 1896, and *ordering a new trial.* It being the intention to appeal from each and every provision in said order except the provision *vacating the judgment* and *ordering that a new trial should be had,* but the details as to how and before whom the trial should be had, and the terms and conditions imposed and all other matters contained in said order are appealed from." Thus, the appellant advised the court by this notice, *first,* that the appeal was not taken from that portion of the order ordering a new trial, and, *second,* that it was not his intention to appeal from that provision of the order directing that a new trial should be had ; and it follows that the court upon review did not obtain, by virtue of this notice of appeal, any authority whatever to reverse or modify that portion of the order of the Special Term ordering a new trial. But the court assumed that it had such authority, and it attempted its exercise by such a modification of the order as reversed and set aside that part of it which ordered a new trial. So much of the order as is in point reads : " Ordered, that the motion of the defendant Julius F. Bruckman be granted ; that the report of the referee and the judgment entered thereon in this action be vacated and set aside, and *that the trial of the action be continued before Sanders Shanks, Esq.,* the referee hitherto appointed herein, the testimony already taken to stand and either party to be at liberty to offer such additional evidence as he may elect."

It appearing on the face of the Appellate Division order that it reversed a portion of the Special Term order not appealed from, the appellant has the right to insist, upon this, his first opportunity to challenge in this court its validity, that

it was in excess of the authority of the court, and, hence, that the proceedings based thereon are illegal.

The motion to dismiss the appeal is denied for the reason that the grounds upon which the motion is made should have been brought to the attention of the court when the motion was first made. A party may not make as many separate motions to dismiss an appeal as he has, or supposes he has, distinct grounds for such motion, but must, instead, assign on his first motion all the reasons that he relies upon for a dismissal.

The judgment and the order of the Appellate Division of July 6th, 1897, should be reversed, and that of the Special Term affirmed, with costs.

BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur; O'BRIEN, J., not voting.

Judgment and order accordingly.