## (December 24, 1975)

■  FERNWOOD TROUT HATCHERY, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 57987.) MICHAEL J. REILLY et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 57988.)—Appeal from so much of an order of the Court of Claims, entered May 19, 1975, as granted claimants' motion for inspection of certain documents with respect to the filing of the claim. None of the various written documents, work orders and inspection reports which were directed to be produced by the State were requested in claimants' notice of motion or their supporting affidavit. Accordingly, the Court of Claims' grant of relief was beyond that which was sought and, therefore, was improper. As to claimants' contention that the Court of Claims erred in failing to direct the identification and production of certain employees alleged to have actually performed work which was related to this claim, no notice of appeal has been filed by claimants and we are precluded from reviewing this portion of the order *(Ferguson v Bruckman,* 164 NY 481). Order insofar as appealed from, reversed, on the law and the facts, without costs. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.

## (December 30, 1975)

■  GRIFFIN A. BROOKS et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53218.)—The parties appealed to us from a judgment, entered January 3, 1973, upon a decision of the Court of Claims. We modified that judgment by excluding therefrom the sum of $9,500 awarded for consequential damages to the restaurant building (45 AD2d 900). The Court of Appeals has reversed the order entered upon our decision and remitted the case to us for a determination of consequential damages (37 NY2d 849). Inasmuch as the State did not, either in its oral or written argument, specifically object to the allocation of consequential damages in the sum of $9,500 for the restaurant building as being improper or excessive and, since the Court of Appeals has found that an award of consequential damages for that building is warranted, we conclude that the judgment of the Court of Claims, entered January 3, 1973, should be in all respects affirmed. Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Larkin, JJ., concur.