■ In the Matter of BONNIE H. and Another, Alleged to be Neglected Children. ROSE H., Respondent; WILLIAM MOON, as Commissioner of the Delaware County Department of Social Services, Appellant.—Weiss, J. Appeal from a judgment of the Family Court of Delaware County (Estes, J.), entered April 30, 1987, which found respondent guilty of civil contempt.

By order made June 7, 1985, Family Court adjudicated two minor daughters of petitioner and Merton H. to be neglected children and placed them with the Delaware County Depart-

ment of Social Services for foster care placement. On November 1, 1985, the court extended placement for one year and ordered respondent to "undertake diligent efforts to encourage and strengthen the parental relationship, including * * * visitation with both parents * * * the visitation with [petitioner] to include two (2) contiguous hours * * * one (1) day each week; all directed at the goal of returning the child to the care of her natural mother, [petitioner]". On December 9, 1985, while at the County Mental Health Clinic for counseling, petitioner executed and acknowledged written instruments in which she surrendered guardianship and custody and relinquished all parental rights to each of her children to respondent. Because the father refused to execute the instruments, they were not presented to the court for judicial approval. Petitioner's request for visitation was denied by respondent on March 7, 1986. Respondent made two applications for modification of the placement order, the second of which was granted by order dated April 2, 1987 eliminating petitioner's visitation rights but providing for visitation by the father. Placement of both children was extended until October 31, 1987. In the meantime, petitioner moved for an order to hold respondent in contempt for (1) obtaining her execution of the surrender agreements through duress and coercion, (2) failing to submit the agreements for judicial approval within 60 days, and (3) denying her visitation rights. Family Court held respondent in civil contempt, imposed a $250 fine and ordered him to pay petitioner's costs and counsel fees. Respondent has appealed.

Judiciary Law § 753 (A) (1) provides that a court may punish for contempt the neglect or violation of a duty, or other misconduct, by disobedience to a lawful mandate of the court or a Judge thereof, as a result of which the right of a party in a civil action or special proceeding is defeated, impeded, impaired or prejudiced (see, Matter of McCormick v Axelrod, 59 NY2d 574; Commissioner of Labor of State of N. Y. v Hinman, 103 AD2d 886, 887). Respondent's argument that he acted in good faith and in the best interests of the children is of no avail (see, Matter of Sentry Armored Courier Corp. v New York City Off-Track Betting Corp., 75 AD2d 344; Matter of Williamsville Teachers Assn. v Hatch, 62 AD2d 1144). It is Family Court which makes the order of disposition of children found to be neglected (Family Ct Act § 115 [a] [i]; § 1013 [a]) and once the order is made, respondent has no discretion but to comply with that order. Since the surrender instruments were not signed by the father and were not

presented for court approval, they had no legal effect. Yet respondent discontinued support services to petitioner and denied her right of visitation, allegedly in reliance upon that instrument. That he chose to act through his subordinates will not permit respondent to escape the consequences of his actions *(see, Matter of McCormick v Axelrod, supra,* at 587). It is not necessary that the disobedience be deliberate; the mere act of disobedience, regardless of motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party *(Yalkowsky v Yalkowsky,* 93 AD2d 834, 835). The record demonstrates this result.

Finally, we are unpersuaded that Family Court erred in failing to afford respondent an evidentiary hearing before deciding he was guilty of civil contempt. Whether an evidentiary hearing was required rested wholly within the discretion of the court *(Matter of Storm,* 28 AD2d 290, 294-295). The record shows that respondent had adequate opportunity to present evidence both as to his guilt as well as possible punishment.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.