■ LYLE A. GRAHAM, Respondent, v JOAN A. GRAHAM, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated September 23, 1988, which, *inter alia,* granted the plaintiff husband's application to hold her in civil contempt for violating an order of the same court, dated July 29, 1988, which modified a prior stipulation between the parties establishing a summer visitation schedule for their children, and denied her cross application, *inter alia,* to hold him in contempt; and (2) an order of the same court, dated September 27, 1988, which directed the

Sheriff of Dutchess County to "detain the defendant [wife] in the Dutchess County Jail for a period of ten (10) days".

Ordered that the order dated September 23, 1988 is modified, on the law, by deleting the provision thereof which granted that branch of the plaintiff's application which was to hold the defendant in contempt; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing in accordance herewith, and it is further,

Ordered that the order dated September 27, 1988 is reversed, on the law, without costs or disbursements.

By letter dated July 19, 1988, the plaintiff husband notified the defendant wife, who had been awarded temporary custody of their children during the pendency of this divorce action, of his desire to exercise his visitation rights with the children for a 14-day period, to commence on Friday, July 29, 1988. By letter dated July 28, 1988, the defendant informed the plaintiff that she intended to place conditions on the exercise of his visitation rights. Thereafter, the plaintiff obtained an order of the court (Beisner, J.), dated July 29, 1988, directing the defendant wife to "present the infant children to the Town of Poughkeepsie Police Department at 5 p.m. on Friday, July 29, 1988" for visitation with the plaintiff. However, the defendant wife was not personally served with the order until the following day, July 30, 1988. A copy of the order was served upon the defendant's attorney on Monday, August 1, 1988. By letter dated August 2, 1988, the defendant's attorney requested the court to place conditions on the plaintiff's visitation. We note, however, that the defendant wife did present the children to the Dutchess County Police Department on August 5, 1988. The plaintiff subsequently moved, *inter alia,* to hold the defendant in contempt.

To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233; *Matter of McCormick v Axelrod,* 59 NY2d 574). In sum, it must appear with reasonable certainty that the order has been knowingly disobeyed *(see also, Pereira v Pereira,* 35 NY2d 301). Although it is not necessary that the order actually have been served upon that party, actual notice is an essential predicate to a contempt order *(Matter of McCormick*

*v Axelrod, supra,* at 574). At bar, it does not appear from the record that the defendant had actual or even constructive knowledge of the existence of the order dated July 29, 1988. Moreover, because she was not served with that order until July 30, she could not comply with its precise terms, as by that time it was stale. Accordingly, her conduct under these circumstances cannot constitute a violation of that order.

Although the Supreme Court raised the issue of whether the defendant had actual notice of the order on July 29, the record does not resolve that issue. Accordingly, we remit for a hearing to determine whether the defendant actually knew, on July 29, of the existence of the order dated July 29, 1988.

Finally, we find that the defendant's remaining contentions are without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.