■ TERESE DWORETSKY, Respondent, v ANTHONY DWORETSKY, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 9, 1988 in Sullivan County, which denied defendant's motion for, *inter alia,* modification of a prior judgment of divorce.

The parties were married in 1974 and had four children. In 1982, the parties entered into a separation agreement providing for, *inter alia,* custody of the children with plaintiff, maintenance and child support to plaintiff, and reasonable visitation rights by defendant; any dispute as to such rights was to be resolved by Family Court. In 1985, the parties were divorced pursuant to a judgment into which the separation agreement was incorporated but not merged. In May 1988, defendant moved to terminate his maintenance payments to plaintiff, to decrease his child support payments, to limit his obligations for medical expenses for the children and to hold plaintiff in contempt for violating his visitation rights. Plaintiff opposed the motion. Supreme Court, without explanation, denied defendant's motion. From the order entered thereon, defendant appeals.

Defendant contends that there were sufficient material and substantial changes in circumstances to warrant modifying his maintenance, support and medical expense obligations as set forth in the separation agreement. Since the parties' rights and obligations are set forth in a separation agreement which was incorporated but not merged into the judgment of divorce, defendant's right to any modification is dependent upon showing that the agreement was not fair and equitable when entered into or that an unanticipated and unreasonable change in circumstances has occurred *(see, Merl v Merl,* 67 NY2d 359, 362). The circumstances relied on by defendant, stemming from his remarriage and plaintiff's improved employment situation, simply fail to satisfy the required showing.

As to the denial of defendant's motion insofar as it seeks to

hold plaintiff in contempt for interfering with defendant's visitation rights, the general visitation terms agreed to by the parties are not conducive to contempt upon violations *(see, Matter of Roma v Bertoni,* 83 AD2d 736, 737). Further, the separation agreement provides for Family Court to resolve any dispute over reasonable visitation. It is apparent that the parties disagree over the parameters of reasonable visitation so that, as the separation agreement specifies, Family Court should be called upon to make the appropriate determination.

We take this opportunity to indicate again our concern over the increasingly common practice in this department of matters being decided without any written rationale *(see, Flax v Standard Sec. Life Ins. Co.,* 150 AD2d 894). Written memoranda assure the parties that the case was fully considered and resolved logically in accordance with the facts and law. Indeed, written memoranda may serve to convince a party that an appeal is unlikely to succeed or to assist this court when considering procedural and substantive issues when appealed. We encourage and expect greater use of written memoranda by the Bench to accomplish these goals.

Order affirmed, with costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.