In the Matter of JUDITH A. KANDETZKE, Appellant, v GLENN R. KANDETZKE, Respondent.—Kane, J. P.

The parties are divorced parents with joint custody of their two minor children, Laura and Keith. Petitioner has physical custody of the children pursuant to a May 1985 order which also provides, *inter alia,* respondent with visitation rights and "a right of reasonable access to the children by telephone when the children are with [petitioner]".

In March 1988, respondent filed a petition with Family Court alleging petitioner's contempt of the May 1985 order by reason of, *inter alia,* "preventing [respondent's] reasonable access to the children by telephone". In April 1988, petitioner filed her own petition seeking a protective order against respondent based on allegations of harassment and abuse. Family Court issued a temporary order of protection requiring, *inter alia,* respondent to keep his distance unless effectuating his visitation rights. In May 1988, petitioner filed a second petition alleging violations of the temporary order of protection.

Thereafter, a hearing was held on all three petitions. Regarding respondent's contempt petition, Family Court found

petitioner in contempt of the May 1985 order for denying respondent reasonable telephone access and fined her $450. Family Court dismissed the remaining two petitions and terminated the temporary order of protection. Petitioner now appeals Family Court's judgment and orders.

We reverse. Family Court's order provided "that each party shall have a right of reasonable access to the children by telephone when the children are with the other party". In our view, the failure of petitioner to permit respondent to talk with his daughter on the one occasion at issue was not, under the circumstances presented, "unreasonable" or calculated to impede any rights granted to respondent and thus not contumacious, particularly in view of the parties' adherence to other provisions of the visitation schedule. We view the provision of the order providing telephone access as an adjunct to the visitation provided and this record fails to demonstrate evidence of any contumacious conduct calculated to impede or impair those rights (see, Wostl v Wostl, 75 AD2d 1013, 1014, appeal dismissed 52 NY2d 787). Accordingly, the finding of contempt and the imposition of the fine and costs must be set aside.

However, Family Court's orders dismissing the remaining petitions should be affirmed since the record fully supports the court's factual findings and conclusion that petitioner failed to substantiate her claims against respondent.

Judgment reversed, on the facts, without costs, and respondent's contempt petition dismissed.

Orders affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.