■ SHARON L. BERGIN, Respondent, v EDWARD PEPLOWSKI et al., Appellants.—Mikoll, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered May 17, 1990 in Albany County, which, *inter alia,* granted plaintiff's motion to hold defendants in contempt of court.

This appeal presents three questions: (1) whether Supreme Court properly found that defendants violated the terms of its preliminary injunction, (2) whether defendants can now attack the injunction as too broad, and (3) whether Supreme Court should have conducted a hearing before issuing the contempt order. The first question is answered in the affirmative and the other two in the negative; the order of Supreme Court should therefore be affirmed.

Plaintiff commenced an action seeking, *inter alia,* a declaration as to her rights to a common driveway, a preliminary injunction barring defendants from interfering with her use of the common driveway, directing defendants to remove a chain link fence that they had erected lengthwise in the common driveway and permitting workers to enter the driveway to repair plaintiff's water line. Supreme Court granted the preliminary injunction by order which was not appealed. In response, defendants removed the chain link portion of the fence but relocated the fence poles only two feet inward on their property, leaving the poles still in the common driveway. A few days later defendants uprooted the fence poles and laid

them on the ground perpendicular to cinder blocks, which months earlier had been placed in a line blocking access over part of the common driveway. Subsequently defendants left only the cinder blocks along the driveway.

Plaintiff then sought to hold defendants in contempt of court for violating the preliminary injunction by continuing to obstruct access to the common driveway. Supreme Court found defendants in contempt and directed that they cease obstructing the driveway and pay a $250 fine to plaintiff's attorneys plus counsel fees of $100. This appeal ensued.

A party may be held in civil contempt where it is shown with reasonable certainty that the party's disobedience of a lawful order clearly expressing an unequivocal mandate impaired, impeded or prejudiced a right or remedy of another party to the action (Judiciary Law § 753 [A] [3]; see, Matter of McCormick v Axelrod, 59 NY2d 574, 582-583, amended 60 NY2d 652; Matter of Callanan Indus. v White, 123 AD2d 56, 58). The party to be held in contempt must be shown to have had knowledge of the order and the disobedience must have prejudiced the right of another party (Matter of McCormick v Axelrod, supra, at 583).

Supreme Court correctly found that defendants violated the terms of the preliminary injunction. We find no merit to defendants' argument that the language of the order was imprecise in that it referred to a "common" driveway that was not a "common" driveway because defendants did not use it. The record demonstrates that the common driveway was shared by Catherine Rings, plaintiff and defendants who, at times, all used the entire portion of the driveway located on defendants' property. Photographs presented by defendants show that the entire driveway was well worn, including the portion located on defendants' property. Accordingly, the order was shown to be sufficiently descriptive so that Supreme Court's mandate was or should have been clear to defendants. The record further reveals that there was undisputed proof in the papers submitted by the parties to establish with reasonable certainty the other elements necessary for a finding of civil contempt.

We also reject defendants' contention that Supreme Court failed to comply with Judiciary Law § 753 in that it did not issue a written decision or order stating its findings of fact. The factual basis for Supreme Court's order is ascertainable from the affidavits and evidence submitted by the parties. The order finding defendants in contempt recited that "the refusal and neglect of the defendants * * * to abide by the Decision

\* \* \* and the subsequent Order of this Court \* \* \* was calculated to and did defeat, impede, impair and prejudice the rights and remedies of the plaintiff herein and constituted a Contempt of this Court". This recital in the order complied with Judiciary Law § 770 (see, Quantum Heating Servs. v Austern, 100 AD2d 843, 844). While Supreme Court's failure to provide a written decision is looked upon with disfavor, a reversal is not required in this case (see, Dworetsky v Dworetsky, 152 AD2d 895, 896).

Defendants claim that the preliminary injunction granting plaintiff access to the entire common driveway is too broad. This claim is in reality a challenge to the terms of the order granting the preliminary injunction and such challenge may not be entertained on this appeal (see, Seril v Belnord Tenants Assn., 139 AD2d 401). An appeal from a contempt order which is jurisdictionally valid does not bring up for review the prior order (see, supra; 21 NY Jur 2d, Contempt, § 30, at 259-260).

Finally, defendants' assertion that it was error to deny them a hearing is without merit. Supreme Court properly decided the motion for contempt upon the papers submitted. These papers raised no issues of fact requiring a hearing (CPLR 2218; Judiciary Law § 772; see, Quantum Heating Servs. v Austern, supra, at 844).

Order affirmed, with costs. Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur.