■ In the Matter of DAVID W. PERAZONE, Respondent, v SUSAN M. PERAZONE, Appellant.—Appeal from an order of the Family Court of Delaware County (Estes, J.), entered June 19, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in contempt of a prior court order.

By virtue of an order dated August 22, 1989, petitioner and respondent had joint legal custody of their children whereby they alternated physical custody on a weekly basis. As part of this same order, the parties were required to "make arrangements between themselves to harmoniously divide physical custody * * * during school vacations and breaks, major holidays and birthdays on an equitable basis without regard to whose week it may be for custody". Claiming, inter alia, that respondent violated this specific provision, petitioner commenced this proceeding to find respondent in contempt.

For a court to determine that contempt has occurred, "it must be shown that the mandate purportedly violated was clear and explicit and the violation established with reasonable certainty" (Richards v Estate of Kaskel, 169 AD2d 111, 121, lv dismissed, lv denied 78 NY2d 1042; see, Matter of McCormick v Axelrod, 59 NY2d 574, 583, amended 60 NY2d 652; Bergin v Peplowski, 173 AD2d 1012, 1013). An additional showing must be made that the conduct complained of "impaired, impeded or prejudiced a right or remedy of another party" (Bergin v Peplowski, supra, at 1013; see, Matter of Bonnie H., 145 AD2d 830, 831, lv dismissed 74 NY2d 650). Contrary to Family Court's decision, we find that the record fails to indicate that respondent intentionally deprived petitioner of having the children during his scheduled week by taking them to South Carolina.

First, the record indicates that respondent was trying to "harmoniously" reach an agreement with petitioner for both the Thanksgiving and Christmas school breaks. In a telephone conversation between the parties on November 9, 1990, the transcript of which was entered into evidence, respondent appeared quite willing to forego her trip with the children but wanted petitioner to give her some time with them during Thanksgiving. This did not happen as petitioner had the children in his custody for the Thanksgiving break. Respondent testified that, as a result, she thought she had the children for the Christmas break. Second, according to the August 22, 1989 order, custody arrangements during the school breaks are to be worked out without regard to who was to have physical custody during that week had it not been a vacation. Third, and possibly most important here, the language of the custody order nowhere requires that the parties reach an agreement whereby each parent gets to spend some part of each school break with the children; it only states that they divide custody in some way. The problem here is that the order is not clear how the parties are to "harmoniously divide physical custody", especially when, as is evident from the record, neither party was willing to compromise with regard to these holidays. Consequently, while there is no question that by taking the children to South Carolina petitioner was unable to see them for several days of the Christmas break, it is not clear that this was a *right* that petitioner was given by the August 22, 1989 order. Under the circumstances, it is not only uncertain whether respondent violated a "clear and explicit" mandate, but it is also unclear whether, by virtue of the order, petitioner had a *right* to see his children on the Christmas break at all. Accordingly, the finding of contempt and the imposition of a civil commitment in jail for 15 days must be set aside *(see, Matter of Kandetzke v Kandetzke,* 158 AD2d 871).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.