■ In the Matter of TIMOTHY FRANDSEN, Respondent, v SUSAN FRANDSEN, Appellant.—Crew III, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered November 18, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to find respondent in contempt of court.

On January 21, 1988, the parties executed an agreement providing for, *inter alia,* joint custody of their minor child, Nicholas, with physical custody to petitioner and liberal visitation to respondent. This agreement was incorporated by reference into a Family Court order entered January 22, 1988. The custodial arrangement was thereafter modified by order entered April 6, 1989 to the extent that physical custody of the minor child was transferred to respondent. It appears that after Nicholas went to live with respondent, the parties established and implemented their own visitation schedule, the particulars of which are not reflected in Family Court's April 1989 order.

Thereafter, on or about July 8, 1991, petitioner filed a violation petition alleging, *inter alia,* that respondent had violated Family Court's January 1988 order by sending Nicholas to "live" with his maternal aunt in the City of Watertown,

Jefferson County. Following a hearing, Family Court found that respondent had violated petitioner's rights of joint custody as set forth in the January 1988 order and was therefore guilty of contempt. Respondent was fined $25 and directed to pay petitioner's costs and expenses. This appeal by respondent followed.

"To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms" (*Graham v Graham,* 152 AD2d 653, 654; *see, Perazone v Perazone,* 188 AD2d 750; *see also, Matter of McCormick v Axelrod,* 59 NY2d 574, 583). Additionally, it must be demonstrated that the offending conduct "defeated, impaired, impeded, or prejudiced" a right or remedy of the complaining party (Judiciary Law § 753 [A]; *see, Perazone v Perazone, supra).* Here, the record indicates that respondent sent Nicholas to visit his maternal aunt in Watertown so that he could spend time with his cousins and participate in swimming lessons being given in that community. Based upon our review of Family Court's 1988 order and the underlying agreement incorporated therein, we are unable to conclude that respondent violated any "unequivocal mandate" regarding petitioner's right to joint custody and/or visitation *(see, Graham v Graham, supra,* at 654; *see also, Dworetsky v Dworetsky,* 152 AD2d 895, 896). Accordingly, Family Court's order must be reversed.

In reaching this determination, we wish to emphasize that we do not condone respondent's conduct. Joint custody involves a sharing of responsibility for a child's upbringing *(see, Matter of Schwartz v Schwartz,* 144 AD2d 857, 858, *lv denied* 74 NY2d 604) and imposes on a child's parents an obligation to behave in a mature, civilized and cooperative manner *(see, Braiman v Braiman,* 44 NY2d 584, 589-590; *Jones v Jones,* 185 AD2d 228, 229). In keeping with the spirit of a joint custody arrangement, respondent should have at least notified petitioner that Nicholas was going out of town and her failure to do so because she "didn't want to discuss it personally with [petitioner]" is unacceptable. We encourage respondent to conduct herself in a more appropriate fashion in the future, taking particular care not to interfere with petitioner's custody and/or visitation rights *(cf., Matter of Fisher v Fisher,* 162 AD2d 769, 770).

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition dismissed.