■ In the Matter of DEBORAH W. HOGLUND, Appellant, v SCOTT A. HOGLUND, Respondent. [651 NYS2d 239] —Spain, J. Appeals (1) from an order of the Family Court of Saratoga County (Seibert, Jr., J.), entered April 19, 1995, which granted respondent's application, in a proceeding pursuant to Family Court Act articles 6 and 4, to hold petitioner in contempt, and (2) from an order of said court, entered July 5, 1995, which directed petitioner to pay respondent's counsel fees.

By order of Family Court, based upon a stipulation in open court and entered September 2, 1992, the parties were awarded joint custody of their two children, Richard (born in 1982) and Meriba (born in 1984). The order granted physical custody to petitioner and set forth a visitation schedule which includes, *inter alia,* specific weekends throughout the year to accommodate respondent, who resides in New Hampshire. The order also includes a transportation provision which calls for a mutually agreeable drop-off and pick-up point in Brattleboro, Vermont. In April 1994 respondent filed a violation petition alleging, *inter alia,* that petitioner willfully denied respondent visitation with the children on Memorial Day weekend in 1993 and thereafter denied him a makeup; that the additional summer weekends provided in the order were also denied him in 1993; and that respondent's additional visitation in New York was denied on three separate occasions in September 1993 and October 1993. Subsequently a hearing was held wherein Family Court limited its review to the allegations of the violation of visitation as contained in the petition; all other issues raised in the petition were held in abeyance. Following the hearing, at the close of testimony and without making any specific findings, Family Court stated as follows: "I find that [petitioner] is in fact in willful violation of an order of this court." Petitioner was directed to appear the following day for "sentencing". A penalty of 60 days in jail was imposed and respondent was awarded counsel fees which Family Court later determined to be in the amount of $2,958.33. Petitioner appeals.

We reverse. " 'To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms' " (*Matter of Frandsen v Frandsen,* 190 AD2d 975, 976, quoting *Graham v Graham,* 152 AD2d 653, 654). "Contempt should not be granted unless the order violated is clear and explicit and unless the act complained of is clearly proscribed" (*Kuenen v Kuenen,* 122 AD2d 616; *see, Pereira v Pereira,* 35 NY2d 301, 308). Furthermore, " 'it must be shown that the mandate purportedly violated was clear and explicit and the violation established with reasonable certainty' " (*Matter of Perazone v Perazone,* 188 AD2d 750, quoting *Richards v Estate of Kaskel,* 169 AD2d 111, 121, *lv dismissed, lv denied* 78 NY2d 1042). Finally, "it must be demonstrated that the offending conduct 'defeated, impaired, impeded, or prejudiced' a right or remedy of the complaining party" (*Matter of Batancourt v Boughton,* 204 AD2d 804, 808, quoting Judiciary Law § 753 [A]; *see,* Fam-

ily Ct Act § 156). Here, the record reveals that there was a clear disagreement between the parties with respect to the manner in which the visitation and order should be interpreted, including the length of a week of summer visitation, whether the visitation in the New York provision was a mandate, and the manner in which a scheduled weekend visit which did not take place should be made up. In our view, the visitation order is not so explicit as to eliminate legitimate disagreement between the parties.

Initially, the New York visitation provision states that additional visits in New York between the respondent and the children "may be arranged between the parties". The wording of that provision only mandates that respondent shall have visits in New York, but as agreed to between the parties. Moving next to the 1993 Memorial Day weekend, the record reveals that there was strong disagreement between the parties as to whether the weekend would be salvaged by transferring the children on the Saturday petitioner's auto was repaired, the suitability of other weekends in light of Richard's baseball schedule and the manner in which a week of summer visitation would be calculated. Contrary to Family Court's unexplained conclusion, we find the evidence in the record insufficient to meet the reasonable certainty burden set forth in *Matter of Perazone v Perazone* (188 AD2d 750, *supra*). In our view, respondent failed to establish that a clear and unequivocal mandate (*see, Matter of Frandsen v Frandsen*, 190 AD2d 975, 976, *supra*) was violated so as to clearly defeat, impair or prejudice respondent's rights. Notably, Family Court chose to mete out incarceration without any findings of any prior violations by petitioner and without refining those parts of the visitation order which deserved clarification.

Accordingly, Family Court's order finding petitioner to have willfully violated the visitation order must be reversed and the visitation violation portions of the petition are hereby dismissed. In light of our conclusion, the order awarding counsel fees to respondent is also reversed and that application is also dismissed.

Mikoll, J. P., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the orders are reversed on the law and the facts, without costs, and petition dismissed.