■ In the Matter of KEVIN N. KING, Respondent, v MARGARET M. KING, Appellant. [671 NYS2d 121] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Scancarelli, J.), dated March 20, 1997, which, after a hearing, *inter alia,* held her in contempt for violating an order of the same court dated October 5, 1994, committed her to the Westchester County Correctional Facility in Valhalla, New York, for a period of two weeks, directed supervised visitation, and directed her to pay attorney's fees in the amount of $4,600.

Ordered that the order is modified by deleting the provisions thereof holding the appellant in contempt and committing her to the Westchester County Correctional Facility in Valhalla, New York, for a period of two weeks; as so modified, the order is affirmed, without costs or disbursements.

The mother was held in contempt for having the parties' son baptized without having first notified the custodial father. Notably, both parents had agreed that the child would be reared

in the Catholic faith. The Family Court found that the mother willfully violated a prior order of the court awarding sole custody to the father.

A finding of civil contempt based on a violation of a court order should not be made unless the order violated is clear and explicit and the act complained of is clearly proscribed (*see, Matter of Hoglund v Hoglund,* 234 AD2d 794, citing *Pereira v Pereira,* 35 NY2d 301, 308; *see also, McCain v Dinkins,* 84 NY2d 216, 226; *McCormick v Axelrod;* 59 NY2d 574, 583; *Paulmann v Paulmann,* 224 AD2d 891, 892). In the instant matter, there was no explicit rule prohibiting the mother from having the boy baptized. Indeed, there was clear disagreement between the parties as to how the order awarding custody to the father should be interpreted. As such, the order was not so explicit as to eliminate legitimate disagreement between the parties, and the father failed to establish that a clear and unequivocal mandate had been violated (*see, Matter of Hoglund v Hoglund, supra*).

In view of the history of this case, we let stand those provisions of the order directing supervised visitation and directing that the mother pay attorney's fees in the amount of $4,600. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.