■ KAREN BEVERINA, Appellant, v HENRY WEST et al., Defendants. ANDREW CAPOCCIA, Respondent. [684 NYS2d 363] —Cardona, P. J. Appeal from an order of the Supreme Court (Lahtinen, J.), entered December 5, 1997 in Warren County, which denied plaintiff's motion to hold Andrew Capoccia in contempt for failure to comply with a prior order.

Plaintiff was injured in a slip and fall accident in September 1987 and retained attorney Andrew Capoccia to commence a personal injury action. In June 1991, Capoccia's motion to withdraw from representing plaintiff was granted. Since that time, plaintiff has retained other attorneys to pursue the litigation all of whom have requested Capoccia to return documentation provided to him by plaintiff, including medical records and other materials. Capoccia has failed to return the requested documentation. As a result of a motion by one of the attorneys, Supreme Court (Dier, J.) issued an order in December 1995 directing Capoccia "to turn over any and all materials in his possession belonging to plaintiff". When Capoccia failed to comply with the order, plaintiff made an application to hold Capoccia in civil contempt. Following a hearing, Supreme Court (Lahtinen, J.) denied the application and this appeal ensued.

Initially, we note that the party seeking to hold another in civil contempt bears the burden of proof (*see, Matter of Powers v Powers*, 86 NY2d 63, 70). "In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect [and] * * * with reasonable certainty, that the order has been disobeyed" (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583; *see, Matter of Augat v Hart*, 244 AD2d 800,

802; *Matter of Hoglund v Hoglund*, 234 AD2d 794, 795). It must further appear that the offending conduct has prejudiced the complaining party (*see*, *Matter of Hoglund v Hoglund*, *supra*, at 795).

Turning to the facts at hand, plaintiff testified that she met with an attorney from Capoccia's office in March 1989 and turned over certain records. She stated that after Capoccia was relieved of representing her, she unsuccessfully requested the return of the documents on four or five occasions. She also went to Capoccia's office to obtain them but was told by an attorney to leave or the police would be called. Plaintiff conceded that she never personally met with Capoccia nor spoke to him about the return of the records. Capoccia testified that following the December 1995 order directing him to turn over documentation belonging to plaintiff, he searched his office and did not find any such records. He stated that he believes the records were returned to plaintiff after he withdrew from her representation as this was his customary practice. Under the circumstances presented, this record does not support a finding to a reasonable degree of certainty that Capoccia deliberately refused to turn over records belonging to plaintiff which were in his possession at the time of the December 1995 order. Therefore, we agree with Supreme Court's determination.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.