■ In the Matter of KEVIN J. BRENNAN, Appellant, v RACHEL E. ANESI, Respondent. [724 NYS2d 129] —Rose, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered June 2, 2000, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in violation of a prior custody and visitation order.

Petitioner and respondent are the parents of a child born in 1993. By a 1996 order of Family Court, respondent was awarded sole custody of the child and petitioner was awarded visitation and "access to all medical * * * records * * * and notices of medical emergency from [respondent] concerning the child."[1] On May 7, 2000, following petitioner's weekend visitation with the child, he delivered a letter to respondent accusing her of failing to provide the child with appropriate medical care and alleging that the child had developed an abnormal condition on his genitalia. Later that evening, respondent had the child examined at a walk-in clinic. On May 8, 2000, respon-

---

1. This Court previously affirmed the dismissal of petitioner's March 2000 application for modification of this 1996 custody order (*Matter of Brennan v Anesi*, 279 AD2d 840).

dent filed a family offense petition alleging that petitioner had made false accusations against her. She attached a copy of the child's patient record from the clinic examination, and both the record and the petition were served on petitioner. On May 9, 2000, petitioner filed a violation petition alleging that respondent had taken the child to the walk-in clinic for an emergency visit without notifying him or providing him with a record of the visit. On May 10, 2000, petitioner filed a second violation petition alleging that respondent had failed to comply with the ordered visitation schedule. On May 11, 2000, petitioner filed a family offense petition alleging that respondent had made false accusations against him.

By order entered June 2, 2000, Family Court summarily dismissed respondent's May 8, 2000 family offense petition, petitioner's May 9, 2000 violation petition and his May 11, 2000 family offense petition. Petitioner alone appeals from this order, and we affirm.[2]

As to the May 9, 2000 petition, the patient record states a diagnosis of "normal exam." No treatment was needed and there was no indication of a medical emergency. Given that, and the fact that the terms of the 1996 order do not prescribe how quickly respondent is obligated to share the child's medical information with petitioner, his allegations fail to establish with reasonable certainty that respondent disobeyed the 1996 order (see, *Beverina v West*, 257 AD2d 957). Moreover, petitioner's letter prompted the clinic visit, and his petition fails to allege that respondent's actions resulted in any prejudice to him (see, *id.*, at 958; *Matter of Daniels v Guntert*, 256 AD2d 940, 942). Thus, the May 9, 2000 violation petition was properly dismissed.

Next, the May 11, 2000 petition alleges that respondent repeatedly harassed him and made repeated false accusations. To the extent that petitioner alleges false accusations, he has not described any of the conduct required to originate a family offense proceeding (see, Family Ct Act § 821 [1]), and his petition is, in effect, no more than an answer to respondent's equally deficient May 8, 2000 family offense petition. Finally, petitioner's conclusory allegations of harassment also fail to

---

**2.** Although petitioner's CPLR 5531 statement and appellate brief indicate that he also appeals a second order dated May 31, 2000, which granted respondent's motion for summary judgment dismissing petitioner's May 10, 2000 violation petition, the record contains no notice of appeal from that order and, as a result, that order is not properly before this Court (see, *Bardi v Mosher*, 197 AD2d 797, 798; *Fernwood Trout Hatchery v State of New York*, 50 AD2d 1035).

sufficiently state any acts of respondent that would constitute the offense (*see, Matter of Jones v Roper*, 187 AD2d 593). Thus, the May 11, 2000 family offense petition was also properly dismissed.

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.