O'Donnell, J.—Counsel Fees.) Present—Pine, J. P., Wisner, Kehoe and Burns, JJ.

CHARLES McPHEETERS, Appellant, v CYNTHIA McPHEETERS, Respondent. (Appeal No. 3.) [726 NYS2d 897] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in finding plaintiff in contempt based upon his transfer of his interest in the marital residence to the parties' daughter. "A finding of civil contempt based on a violation of a court order should not be made unless the order violated is clear and explicit and the act complained of is clearly proscribed" (*Matter of King v King*, 249 AD2d 395, 396, *lv dismissed* 92 NY2d 877; *see, Matter of Kinney v Simonds*, 276 AD2d 882, 884; *Kuenen v Kuenen*, 122 AD2d 616). Here, the judgment of divorce provided that the property be sold and that the net proceeds be divided equally between the parties, and thus plaintiff did not violate "any 'unequivocal mandate'" by transferring his interest in the marital residence (*Matter of Frandsen v Frandsen*, 190 AD2d 975, 976; *see, Matter of Hoglund v Hoglund*, 234 AD2d 794, 795). Further, there was no evidence that the transfer " 'defeated, impaired, impeded, or prejudiced' a right or remedy of the complaining party" (*Matter of Betancourt v Boughton*, 204 AD2d 804, 808). In fact, there was evidence that defendant hindered the sale of the marital residence. We therefore modify the order by vacating that part finding plaintiff in contempt for transferring his interest in the marital residence. We note that plaintiff has not challenged that part of the order finding him in contempt for failing to procure a life insurance policy naming defendant as the primary beneficiary and thus that part of the order is affirmed. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Contempt.) Present—Pine, J. P., Wisner, Kehoe and Burns, JJ.

CHARLES McPHEETERS, Appellant, v CYNTHIA McPHEETERS, Respondent. (Appeal No. 4.) [726 NYS2d 898] —Order unanimously affirmed without costs. Same Memorandum as in *McPheeters v McPheeters* ([appeal No. 1] 284 AD2d 968 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Receiver.) Present—Pine, J. P., Wisner, Kehoe and Burns, JJ.

ELEANOR T. KLENDSHOJ, Appellant, v THEODORE PRAWAK et al., Respondents. [726 NYS2d 898] —Judgment unanimously affirmed without costs. Memorandum: In this action commenced to recover damages for injuries sustained by