■ HOWARD M. AISON, Appellant, v HUDSON RIVER BLACK RIVER REGULATING DISTRICT, Respondent. [862 NYS2d 642]—

Rose, J. Appeal from an order of the Supreme Court (Sise, J.), entered February 21, 2007 in Fulton County, which denied plaintiff's motion to hold defendant in contempt of court.

Plaintiff, along with other property owners, commenced an action seeking a determination of their rights to use a beach and swimming area in Sacandaga Park in the Town of Northampton, Fulton County. Ultimately, the parties entered into a stipulation which declared that defendant "shall regulate and control the beach and swimming area." To do so, the stipulation also provided that defendant "may . . . mak[e] reasonable rules and regulations governing the use of said beach and swimming area for the enjoyment of permit holders." An annual permit system was to be promulgated by defendant. A judgment setting forth the stipulation's terms was entered in 2003. Contending that defendant had failed to obey the terms of the stipulation and judgment, plaintiff moved, in 2006, to hold defendant in contempt. Supreme Court denied the motion, prompting this appeal.

We affirm. To warrant a finding of civil contempt, it must be shown that, to a reasonable degree of certainty, a party has knowingly disobeyed a clear and unequivocal mandate of the court which results in prejudice to the rights of another party (*see* Judiciary Law § 753 [A] [3]; *Tel Oil Co. v City of Schenectady*, 292 AD2d 725 [2002]). Contempt should not be granted unless the order or judgment allegedly violated is clear and explicit and unless the act complained of is clearly proscribed (*see Matter of Hoglund v Hoglund*, 234 AD2d 794 [1996]). In the instant case, plaintiff alleged three alternative bases for holding defendant in contempt of the terms of the stipulation. First, he argued that defendant improperly stored boat docks, a pontoon boat and personal watercraft in the beach and swimming area at issue. Second, defendant allowed others to do so. Third, by allowing either the first or second to occur, defendant was not properly regulating or controlling the beach and swimming area. According to plaintiff, any of the three scenarios constituted a direct violation of the terms of the stipulation.

We, however, agree with Supreme Court's conclusion that the stipulation did not set forth a clear and unequivocal mandate requiring defendant to prohibit the use of the beach and swimming area for docks and watercraft or directing it to enact regulations to that effect. The stipulation did specifically prohibit the use of the beach and swimming area concerning pets, glass, coolers, cooking or barbecue equipment as well as large gatherings. Notably, however, the stipulation made no mention whatsoever of boat docks, pontoon boats or personal watercraft. It did not specify how defendant was to regulate and control the beach and swimming area in this regard other than a general requirement to make "reasonable rules and regulations." Since there was no clear and direct prohibition to permitting the complained of activities, defendant could not be held in contempt (*see Matter of Augat v Hart*, 244 AD2d 800 [1997]; *Matter of Perazone v Perazone*, 188 AD2d 750 [1992]).

Mercure, J.P., Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.