Stein, J.
Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered May 21, 2007, which granted petitioner’s application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in violation of a prior order of custody and committed respondent to the Saratoga County Jail for a term of six months.
Petitioner and respondent were divorced in 2000, at which time the parties shared joint legal custody of their three children (born in 1991, 1993 and 1995) and petitioner had primary physical custody of the children. By orders of the Family Court of Rensselaer County (Cholakis, J.) entered in February 2004 and March 2005, primary physical custody of the three children was ultimately transferred to respondent. The 2005 order continued joint legal custody, provided petitioner with visitation every other weekend (as well as holiday and vacation periods), required the parties to provide written notice of all health care appointments within 24 hours of when made, and required “that phone calls from the parties to the children or each other, shall be at a reasonable hour.”
Petitioner commenced this proceeding alleging that respondent violated the March 2005 order, and respondent cross-petitioned for sole custody and termination of petitioner’s visitation with the children. Family Court (Hall, J.) issued a temporary order of visitation, entered March 9, 2007, which granted petitioner visitation on Saturdays and Sundays, with drop off and pick up of the children to occur at the State Police Troop G headquarters in the hamlet of Loudonville, Albany County. At a pretrial appearance on March 19, 2007, Family Court further ordered that the children call petitioner between 7:00 a.m. and 7:15 a.m. on Mondays, Wednesdays and Fridays.
*964 At the commencement of the fact-finding hearing, respondent’s cross petition was dismissed with prejudice based upon the failure of respondent and his counsel to timely appear on that date. After the hearing, Family Court found that respondent had willfully violated one or more court orders. Thereafter, Family Court issued an order entered May 21, 2007 committing respondent to the Saratoga County Jail for a term of six months, to be served on weekends.[1] Respondent now appeals.
We agree with Family Court’s finding that respondent was in willful violation of the applicable orders. To sustain a civil contempt finding based upon the violation of a court order, it must be established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party (see Judiciary Law § 753 [A]; Family Ct Act § 156; Labanowski v Labanowski, 4 AD3d 690 [2004]; Matter of Hoglund v Hoglund, 234 AD2d 794, 795 [1996]; Matter of Betancourt v Boughton, 204 AD2d 804, 807-808 [1994]; Matter of Frandsen v Frandsen, 190 AD2d 975, 976 [1993]; Matter of Perazone v Perazone, 188 AD2d 750, 750 [1992]). The violation must be established by clear and convincing evidence (see Matter of Romanello v Davis, 49 AD3d 652, 653 [2008]; Matter of Stuttard v Stuttard, 2 AD3d 1415, 1416 [2003]; Matter of Hoglund v Hoglund, 234 AD2d at 795), but will not be overturned absent an abuse of discretion (see Matter of Rebecca O. v Todd P., 309 AD2d 982, 984 [2003]; Matter of Greenpoint Hosp. Community Bd. v New York City Health & Hosps. Corp., 114 AD2d 1028, 1031 [1985]).
Here, “[a] careful review of the record evidence, both direct and circumstantial, fully supports” the court’s findings that respondent willfully “violated a clear and unequivocal mandate of the court” (Labanowski v Labanowski, 4 AD3d at 694). Respondent testified that he knew the terms of the orders (see Matter of Frandsen v Frandsen, 190 AD2d at 976). Respondent also admitted that he repeatedly and consistently failed to notify petitioner of the children’s health care appointments. Respondent further testified that, although he instructed the children to call petitioner at the appointed times after the March 19, 2007 order, he did not ensure that the calls were made and he allowed the children to call petitioner at 10:00 a.m. during their *965 spring break, so as to avoid having to wake them up.[2] Petitioner testified that the children called her a total of two or three times within a period of approximately four weeks.
With regard to visitation, there was conflicting and sometimes confusing testimony regarding when petitioner’s alternate weekend visitation ended. Petitioner testified that she continued to have such visits until some time in January 2006, after which she went to the court-ordered meeting place on a number of occasions, but respondent did not appear with the children. In contrast, respondent testified that the visits ended in April 2005. According to respondent, he continued to deliver the children to the court-ordered meeting place on four occasions, but then stopped based upon an alleged telephone call from petitioner in May 2005 advising him that she could no longer visit the children because of a change in her work schedule. However, respondent admitted that he made no efforts to promote a continuation of petitioner’s visits with the children and that he has not encouraged the children to visit petitioner at any time. In addition, respondent changed his home telephone number to an unlisted number in June 2006 in response to what he considered to be excessive and harassing calls from petitioner, resulting in petitioner’s only means of contact with the children being the oldest child’s cellular telephone—which also was turned off for a period of time in late 2006—and respondent’s cellular telephone.
With respect to Family Court’s temporary orders, while respondent did transport the children to the State Police headquarters on five occasions, he instructed them to tell petitioner if they did not want to go with her, and they did so inform her. Respondent did not bring the children for visitation on two dates because two of the children were ill. Although petitioner did not appear on one date, she testified that she had a flat tire and had no means of communicating that to respondent. At no time did respondent take any action to attempt to persuade the children to engage in the court-ordered visitation. In fact, he left the choice entirely up to the children.
Significantly, respondent testified that he does not think that it is in the children’s best interests to have any contact with petitioner, that he is against any relationship between petitioner and the children at this time and that he even objects to being required to provide petitioner with written notice of the children’s health and educational needs. As long ago as February 2004, Family Court (Cholakis, J.) found that respondent’s *966 disparaging remarks about petitioner in the presence of the children were “particularly vulgar” and that he used the children “to vent his frustrations” about petitioner. We also note that, in response to questions from the children’s Law Guardian, respondent testified that, when the children refuse to do something he directs them to do, he disciplines them, but that he does not direct the children to do anything that he feels is not in their best interests.
On this record, we find a complete absence of evidence of any efforts by respondent to facilitate compliance with the court-ordered visitation. Further, giving due deference to Family Court’s credibility determinations (see Matter of Rebecca O. v Todd P., 309 AD2d at 984), there is ample support for Family Court’s conclusion that respondent “wilfully refused to comply with the parenting order and has actively encouraged the destruction of the relationship between his children and their mother” and that respondent “violated all relevant court orders, permanent and temporary, about the parenting relationship between the petitioner and her children.”
We have considered respondent’s remaining contentions and find them to be unpersuasive.
Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

. By separate order entered August 16, 2007, Family Court also directed respondent to pay a fine to petitioner and to pay counsel fees to petitioner’s attorney; however, no appeal was taken from this order.

. Petitioner testified that, due to a change in her work schedule, she was not home to receive any calls at 10:00 A.M.