[890 NYS2d 304]

In the Matter of PAULETTE PG, Petitioner, v EVAN CG, Respondent.

Family Court, Bronx County, October 13, 2009

**APPEARANCES OF COUNSEL**

*Katherine Tracy* for respondent.

**OPINION OF THE COURT**

ANDREA MASLEY, J.

Respondent Evan CG moves to dismiss Ms. PG's petition for lack of jurisdiction arguing that the alleged acts do not constitute offenses for which family offense proceedings can originate in Family Court pursuant to Family Court Act § 821. In her petition, Ms. PG alleged that respondent's behavior constitutes assault, attempted assault, aggravated harassment, harassment, disorderly conduct, menacing, reckless endangerment, stalking and criminal mischief, all of which qualify as family offenses sufficient for relief under Family Court Act § 812. The issue is the inconsistency between the family offenses listed in Family Court Act § 812 (jurisdiction) and Family Court Act § 821 (originating procedures).

On May 11, 2009, Ms. PG filed a petition under article 8 of the Family Court Act seeking an order of protection against her nephew with whom she resided until November 2008. In her petition, Ms. PG alleges that in November 2008, respondent "started to strike Petitioner" and in April 2009, he destroyed her property. At trial on August 4, 2009, she credibly testified that around 5:00 A.M. on April 16, 2009, Ms. PG saw an unknown man exit his vehicle outside her home and splatter paint on Ms. PG's vehicle. She then saw Mr. CG exit the same vehicle and use a metal object to smash the windshield of another of her vehicles. Both men returned to their vehicle and drove away. Ms. PG observed these events while looking through a window in her home. She submitted a number of photos well-documenting the damage to the cars. However, she never testified to the alleged assault in November 2008. Ms. PG represented herself. Mr. CG was represented. After cross-examination by respondent's attorney, Ms. PG rested. Respondent requested an adjournment to call Lynn Craig, another maternal aunt, and petitioner consented to the adjournment. Instead of calling Aunt Lynn as a witness, Mr. CG moved to dismiss as a matter of law.

Respondent's act would constitute criminal mischief, a violation of Penal Law § 145.00, which provides: "A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she: 1. Intentionally damages property of another person." In this case, smashing the windshield of petitioner's vehicle clearly caused property damage which constitutes criminal mischief in the fourth degree.

However, to get in the door of Family Court, petitioner must first allege assault, attempted assault, disorderly conduct, harassment, stalking, menacing or reckless endangerment, the enumerated family offenses in Family Court Act § 821. Family Court Act § 821 (1) (a), entitled "Originating proceedings," provides:

"A proceeding under this article is originated by filing a petition containing the following:

"(a) An allegation that the respondent assaulted or attempted to assault his or her spouse, or former spouse, parent, child or other member of the same family or household or engaged in disorderly conduct, harassment, stalking, menacing or reckless endangerment toward any such person."

If a party fails to allege one of the family offenses enumerated in Family Court Act § 821, the action will be summarily dismissed without even proceeding to trial. (*Matter of Brennan v Anesi*, 283 AD2d 693 [3d Dept 2001]; *Matter of Jones v Roper*, 187 AD2d 593 [2d Dept 1992].) Clearly, criminal mischief is not on the Family Court Act § 821 list.

Once in the door of Family Court, the court has jurisdiction to determine whether respondent engaged in one of the enumerated acts listed in Family Court Act § 812, entitled "Procedures for family offense proceedings," which provides:

"1. Jurisdiction. The family court and the criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute *disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, stalking in the first degree, stalking in the second degree, stalking in the third degree, stalking in the fourth degree,* **criminal mischief**, menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or former spouses, or between parent and child or between members of the same family or household except that if the respondent would not be criminally responsible by reason of age pursuant to section 30.00 of the penal law, then the family court shall have exclusive jurisdiction over such proceeding. Notwithstanding a complainant's election to proceed in family court,

the criminal court shall not be divested of jurisdiction to hear a family offense proceeding pursuant to this section. For purposes of this article, 'disorderly conduct' includes disorderly conduct not in a public place." (Emphasis added.)

Mr. CG contends that even if Ms. PG proved criminal mischief at trial, because she failed to prove one of the Family Court Act § 821 offenses sufficient to originate a Family Court proceeding, her case must be dismissed. Respondent's argument is rejected because it improperly substitutes the concept of "proved at trial" for "alleged" in Family Court Act § 821.

The Family Court is a court of limited jurisdiction. (Family Ct Act § 115.) Originally, it had jurisdiction over cases of disorderly conduct and assault only. In 1969, the Legislature amended Family Court Act § 812 (L 1969, ch 736, § 2) to add to the court's original jurisdiction acts which would constitute harassment, reckless endangerment and attempted assault. Criminal mischief was added to Family Court Act § 812 in 2007. (L 2007, ch 541.) If the petitioner fails to allege an act listed in Family Court Act § 812, the Family Court lacks jurisdiction. For example, a case of incest could not go forward in Family Court because incest is not enumerated in Family Court Act § 812. (*People v Lewis*, 29 NY2d 923, 924 [1972] ["Neither the original enactment of section 812 specifying disorderly conduct and assault nor its subsequent amendment to include acts which would constitute harassment, menacing, reckless endangerment and attempted assault (L 1969, ch 736), purport to include incest, which, thus, under the familiar rule of construction, will be deemed excluded"].) "[A]n irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded." (McKinney's Cons Laws of NY, Book 1, Statutes § 240.)

Likewise, an allegation of criminal mischief alone is insufficient to initiate a family offense proceeding under Family Court Act § 821. Here, however, petitioner did allege assault, but she failed to raise it or prove it at trial. Nonetheless, her petition was sufficient to get in the door of Family Court and to proceed to trial. Once at trial she proved one of the family offenses listed in Family Court Act § 812. While Family Court Act § 821 is the key to the door of Family Court, once inside, Family Court Act § 812 does not limit her to the same door at trial as long as respondent has notice and an opportunity to be heard. It is not uncommon for petitioners at trial to prove less than

what is alleged in the petition as a matter of trial strategy, efficiency or whatever their reason may be.

Accordingly, it is ordered that the motion is denied.