■ In the Matter of PHOTOSOUND, INC., Appellant, v SIMON P. GOURDINE, as Commissioner of the New York City Department of Consumer Affairs, Respondent.—Order of the Supreme Court, New York County (Arthur E. Blyn, J.), entered December 26, 1984, which denied two motions by petitioner-appellant Photosound to hold two staff attorneys of the Department of Consumer Affairs in contempt and directed counsel for Photosound to pay to the Department of Consumer Affairs attorney's fees in the sum of $2,000, is unanimously modified, in the exercise of discretion and in the interest of justice, to the extent of striking the sanction of $2,000 attorney's fees, and the order is otherwise affirmed, without costs.

This appeal stems from two motions made by counsel for Photosound to hold in contempt two attorneys of the Department of Consumers Affairs (DCA) due to their failure to serve a copy of a judgment against Photosound with "notice of entry." Special Term denied the motions and after concluding that Photosound's motions constituted an intolerable abuse of process, directed counsel for Photosound to pay to DCA attorney's fees in the sum of $2,000 to compensate for DCA's "unnecessary expenditure of time and effort." The primary issue on appeal centers on whether Special Term had the "inherent power" to assess the $2,000 sanction. The Second Department, in *Gabrelian v Gabrelian* (108 AD2d 445), has held that courts are empowered to impose a financial assessment upon a party or its attorney for general abuse of judicial process under the so-called "inherent powers doctrine", a power which must in any case be exercised with great restraint. We do not find it necessary to reach the issue of whether such an inherent power exists, as we do not believe that the circumstances here warrant the exercise of such a power. Concur—Sandler, J. P., Carro, Asch, Kassal and Rosenberger, JJ. [126 Misc 2d 495.]