■ Thomas F. Kovach, Respondent, v Steven Hurlburt et al., Appellants. [699 NYS2d 808] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered December 28, 1998 in Broome County, which denied defendant's motion to hold plaintiff in contempt of court for failure to pay counsel fees, and (2) from an order of said court, entered March 2, 1999 in Broome County, which, *inter alia*, awarded costs to plaintiff.

Earlier in this child custody and visitation dispute, Supreme Court sanctioned plaintiff for frivolous conduct and directed that he pay defendants' counsel fees of $1,000 in monthly installments of $100. After two months, plaintiff ceased making payments, whereupon defendants moved to have him held in contempt, prompting plaintiff, proceeding *pro se* and who maintained that he was unable to continue to pay because he had lost his job, to "cross-move" for dismissal. Supreme Court, by order dated December 28, 1998 and without a hearing, denied defendants' contempt application and directed plaintiff to keep the court informed of his employment status, and modified plaintiff's payment schedule.

Thereafter, plaintiff filed various motion papers with Supreme Court which were returned to him because they related to an action which had been previously dismissed. These papers triggered a cross motion by defendants for further sanctions and/or counsel fees because of plaintiff's persistent filing of frivolous motions, and also for an order preventing plaintiff from conducting further litigation in Supreme Court without prior court approval. When Supreme Court, noting that there was no related pending action or proceeding before it, returned their papers, defendants resubmitted them with an accompanying letter arguing that as plaintiff's motions had "put the matter to controversy", defendants were entitled to have their day

in court. Supreme Court determined that defendants' cross motion was frivolous because, *inter alia*, it was resubmitted after the court had informed defendants that the motion was inappropriate in the absence of a pending action, and without a hearing awarded plaintiff costs of $800, the balance of the counsel fees still owed by plaintiff to defendants. Defendants appeal from both orders.

For civil contempt to occur, it must be shown that the party so charged was knowledgeable of and "disobeyed a clear, explicit and lawful order of the court and that the offending conduct prejudiced the right of the opposing party" (*Matter of Daniels v Guntert*, 256 AD2d 940, 942). Although defendants carried their burden of demonstrating that plaintiff was aware of the court order and yet failed to comply with it (*see, Beverina v West*, 257 AD2d 957), the record discloses that unresolved factual issues exist respecting when plaintiff became unemployed or if he in fact lacked the requisite resources to fulfill his obligation. A hearing in which those issues are addressed must be had before it can be determined whether plaintiff was indeed in contempt (*see, Mastrantoni v Mastrantoni*, 242 AD2d 825, 826; *Bowie v Bowie*, 182 AD2d 1049, 1050).

Supreme Court's *sua sponte* award of costs to plaintiff without first according defendants a hearing, as reflected in the order of March 2, 1999, was also inexpedient. Where a court *sua sponte* imposes sanctions against a party, that party must be furnished advance notice thereof and be afforded " 'a reasonable opportunity to be heard' in opposition thereto" (*Deeb v Tougher Indus.*, 216 AD2d 667, 668, quoting 22 NYCRR 130-1.1 [d]).

Mikoll, J. P., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order entered December 28, 1998 is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to hold plaintiff in contempt and modified the award for counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered March 2, 1999 is modified, on the law, without costs, by reversing so much thereof as sanctioned defendants without a hearing; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.