■ SAGER SPUCK STATEWIDE SUPPLY COMPANY, INC., Respondent, v ERNEST L. MEYER, Defendant, and DAVID W. BENDER, Appellant. [723 NYS2d 732] —Spain, J. Appeals (1) from an order of the Supreme Court (Malone, Jr., J.), entered November 30, 1999 in Albany County, which, *inter alia*, granted plaintiff's motion to hold defendant David W. Bender in contempt, and (2) from an order of the said court, entered January 24, 2000 in Albany County, which, *inter alia*, granted plaintiff's request for counsel fees.

In 1996, plaintiff commenced this action for, *inter alia*, breach of fiduciary duty against defendants, two of its shareholders and former employees who left plaintiff's employ to work for a competitor, Midway Industrial Supply. Defendant David W. Bender terminated his employment with Midway in 1998. On May 17, 1999, Supreme Court granted partial summary judgment to plaintiff on the issue of liability and ordered defendants to supply an accounting of sales and customers solicited for Midway during the relevant period within 90 days of service of the court's order. That order was served upon defendants on May 18, 1999.*

Defendant Ernest L. Meyer apparently requested the sales information that he needed to complete the accounting from Midway and was refused. Thereafter, in June 1999, Meyer moved by order to show cause to stay the accounting on the ground that Midway would not authorize Meyer to release such information. Bender was not a party to that motion.

On August 23, 1999, more than 90 days after service of the order on defendants, plaintiff moved to hold defendants in contempt for failure to comply with Supreme Court's order directing the accounting. Eight days later, Bender sent a letter to Midway requesting the necessary information pertaining to his sales while employed by Midway.

On November 30, 1999, Supreme Court, *inter alia*, granted Meyer's motion for a stay of the order directing him to supply an accounting, but found Bender in contempt in light of the fact that he had made no effort to comply with the court-ordered accounting until after plaintiff filed the contempt motion. The court granted Bender's motion for an order directing the issuance of a subpoena duces tecum to Midway and ordered Bender to pay plaintiff's reasonable counsel fees pertaining to the contempt motion. After plaintiff's attorney submitted an affidavit detailing the time and expense related to preparing the contempt motion against both defendants, Supreme Court awarded plaintiff one half of the amount sought—$610—representing the legal fees incurred in pursuit of the contempt application as against Bender only. Bender appeals and we affirm.

It is well settled that "[t]o find that a civil contempt has occurred, it must be determined that the party charged with the

---

* By order entered June 29, 2000, this Court modified the order of Supreme Court by reversing so much thereof as granted plaintiff's motion for partial summary judgment on the issue of defendants' liability on the breach of fiduciary duty cause of action and for summary judgment on the accounting cause of action against Bender (273 AD2d 745).

contempt had knowledge of and disobeyed a clear, explicit and lawful order of the court and that the offending conduct prejudiced the right of the opposing party" (*Matter of Daniels v Guntert*, 256 AD2d 940, 942; *see*, *Matter of Augat v Hart*, 244 AD2d 800, 802). Bender does not dispute that plaintiff demonstrated the aforesaid elements, but instead asserts that his noncompliance should be excused because it was impossible for him to supply the accounting (*see*, *Kovach v Hurlburt*, 267 AD2d 824, 825). He contends that he was entitled to rely on the conclusion that if Meyer, Midway's current employee, could not obtain the information needed to compile the accounting, it would have been futile for him, as a former employee, to attempt to access Midway's records.

It was Bender's burden, however, to demonstrate that performance was impossible (*see*, *Kawar v Kawar*, 231 AD2d 681, 682) and his reliance, even in good faith, on the failure of another party to comply with Supreme Court's order is no excuse for his own inaction (*see*, *Peters v Sage Group Assocs.*, 238 AD2d 123). Indeed, it is undisputed that Bender made no effort to comply with the court's order until after the contempt motion was filed and, although admittedly aware of Midway's refusal to cooperate, made no application for relief from the court. Accordingly, as there were no factual issues in dispute (*cf.*, *Kovach v Hurlburt*, *supra*), we conclude that Supreme Court acted within its discretion in deciding, on this record, to punish Bender's noncompliance with its previous order as contempt (*see*, *Matter of Nestler v Nestler*, 125 AD2d 836, 837).

Bender also challenges Supreme Court's order assessing counsel fees owed by him because plaintiff failed to present any evidence demonstrating the specific time spent on the motion for contempt as it related to Bender only. Unless the party held in contempt is able to establish that the amount of counsel fees sought is excessive, the amount of fees awarded should reflect the actual documented fees incurred as a result of the motion (*see*, *Matter of Daniels v Guntert*, *supra*, at 942). Inasmuch as plaintiff filed a single motion against both defendants and provided evidence of the costs of its attorney's efforts on such motion, it was reasonable to conclude that half of the incurred expense is attributable to the motion against Bender alone. Indeed, the affidavit of Bender's attorney submitted in opposition to the amount of counsel fees stated that, should Bender be held liable at all for plaintiff's counsel fees, the amount must be limited to one half of the expense of services rendered against both defendants. Under these circumstances, we discern no error in Supreme Court's calculation of counsel fees.

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.