■ Thomas F. Kovach, Respondent, v Steven Hurlburt et al., Appellants. In the Matter of Thomas F. Kovach, Respondent, v Joann Hurlburt, Appellant. [733 NYS2d 515] —Peters, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered June 23, 2000 in Broome County, which, *inter alia,* denied defendants' motion to hold plaintiff in contempt for frivolous conduct, and (2) from an order of the Family Court of Broome County (Hester, Jr., J.), entered October 30, 2000, which, *inter alia,* in a proceeding pursuant to Family Court Act article 6, denied respondent's motion for counsel fees and sanctions.

The relevant facts in this matter are contained in a previous decision of this Court (267 AD2d 824). Briefly, following the dissolution of the marriage between Thomas F. Kovach (hereinafter plaintiff) and Joann Hurlburt (hereinafter defendant), numerous Family Court proceedings were commenced to address issues of custody and visitation pertaining to their daughter. The most recent order permitted visitation solely at defendant's discretion. Plaintiff, appearing *pro se,* thereafter commenced an action alleging various torts and further sought a writ of habeas corpus to acquire the child's custody. With both sides requesting costs and sanctions pursuant to 22 NYCRR part 130, Supreme Court found that while plaintiff's claims came "perilously close to sanctionable conduct," no sanctions would be imposed. Yet, with all claims lacking in merit, defendant was awarded $1,000 in counsel fees, to be paid at

the monthly rate of $100. When plaintiff ceased making payments after two months, defendant moved for an order of contempt; the motion was denied without a hearing.

Plaintiff continued to file various motions which were returned by Supreme Court since the underlying action had been dismissed; defendant's cross motion for sanctions was returned for the same reason. Nonetheless, defense counsel, James Mack, resubmitted defendant's motion, demanding an opportunity to address plaintiff's frivolous conduct. Supreme Court, without a hearing, found the resubmitted motion to be frivolous, warranting an award of costs to plaintiff in the amount of the counsel fees still owed. Defendant appealed both orders. Upon our consolidation of these appeals, we reversed and remitted the matters to Supreme Court for evidentiary hearings (267 AD2d 824, *supra*). Prior to holding these hearings, however, plaintiff filed a barrage of motions seeking various relief, prompting Mack to cross-move for sanctions. There ensued an unceasing exchange of papers wherein each accused the other of fraud, deceit and a multitude of other offenses.

At the remittal hearing on June 16, 2000, plaintiff admitted that for the months of June and July 1998, his failure to pay the court-ordered fees was in retaliation for what he perceived to be Mack's complicity in denying him visitation with his daughter. Although plaintiff's behavior was found to be willful, Supreme Court ultimately determined that it had no authority to award counsel fees and thus rescinded its order. Finding, plaintiff to be in contempt of its order prior to vacatur, the court imposed sanctions.

Regarding Mack, it was found that his insistent pursuit of a motion for sanctions, notwithstanding Supreme Court's warning, constituted frivolous conduct. However, after the hearing and prior to the time that the court issued its decision in this matter, Mack submitted another motion, this time seeking the Judge's recusal and permission to sign an affirmation which was already submitted to the court. The court declined the request to recuse and advised that the affirmation was nonetheless considered. Defendant appeals from that order.

As to the protracted Family Court litigation, defendant sought to, *inter alia,* oppose motions seeking a modification of the existing custody and child support orders and to have sanctions imposed. Without articulating the grounds therefor, Family Court ordered, *inter alia,* a modification in the exercise of visitation, set parameters before propounding a modification petition and denied defendant's request for sanctions. Defendant also appeals this order.

Initially, we find no merit to defendant's contention that Supreme Court improperly vacated its order for counsel fees as the court possesses continuing jurisdiction to correct errors of law on its interlocutory orders (*see, Liss v Trans Auto Sys.*, 68 NY2d 15, 20). As to the propriety of the vacatur, we agree that a prevailing litigant, in matters of this kind, would not be entitled to such recovery (*see, Hunt v Sharp*, 85 NY2d 883, 885). However, as plaintiff was still obligated to obey the order no matter how erroneous (*see, Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848, *lv denied* 87 NY2d 809), the finding of contempt for the failure to pay prior to vacatur was entirely proper. Finding no abuse of discretion in the imposition of the sanction, we decline to disturb the award (*see, McCue v McCue*, 225 AD2d 975, 977).

Nor do we find error in the sanctioning of Mack for his persistence in submitting a motion after being notified by Supreme Court that it would not be considered (*see generally, Matter of Rosenhain*, 222 AD2d 745, 746-747, *appeal dismissed* 87 NY2d 1053). As to the denial of defendant's request for sanctions for plaintiff's abuse of the judicial process, we find that although the record confirms much of defendant's contentions and 22 NYCRR 130-1.1 permits such an order, Supreme Court, having the most intimate familiarity with these parties, cannot be found to have abused its discretion (*see, McCue v McCue, supra*, at 977). We make a similar finding upon our review of Family Court's denial of sanctions, especially in light of the paucity of the record presented in that proceeding (*see, id.*).

Finally addressing Supreme Court's denial of the motion for its recusal, we find no error. As the "[j]udge is generally the sole arbiter of recusal" (*Matter of Murphy*, 82 NY2d 491, 495), we cannot conclude that the denial of the relief sought constituted an abuse of discretion.

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.