■ TEL OIL COMPANY, INC., et al., Respondents, v CITY OF SCHENECTADY et al., Appellants, et al., Defendants. (And Four Other Related Actions.) [738 NYS2d 764] —Peters, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 21, 2001 in Schenectady County, which granted plaintiffs' motion to hold defendant City of Schenectady in contempt of court.

These joined actions, commenced after a mudslide causing personal injuries and property damage in the City of Schenectady, Schenectady County, on January 19, 1996, were scheduled for trial beginning Monday, January 8, 2001. On that morning, prior to jury selection, Supreme Court advised counsel that they were "not to discuss their respective cases with the press." After the jury was selected, Supreme Court granted a motion for a mistrial grounded upon a January 10, 2001 newspaper article in the Schenectady Gazette which attributed numerous statements regarding defendant City of Schenectady's lack of insurance coverage and ability to satisfy a judgment to the City's Corporation Counsel, Michael Brockbank. Following the mistrial, plaintiffs' counsel brought a motion against the City for, inter alia, contempt by alleging that Brockbank violated the gag order imposed by the court. Following a hearing, Supreme Court granted the motion, prompting this appeal.

Although we appreciate and understand Supreme Court's frustration in having to declare a mistrial, that does not obviate the requirement for compliance with proper procedure. We are, therefore, constrained to reverse. To make a finding of civil contempt, it must be shown that, to a reasonable degree of certainty, a party has knowingly disobeyed a clear and unequivocal mandate of the court which results in prejudice to the rights of another party (see, Judiciary Law § 753 [A] [3]; McCain v Dinkins, 84 NY2d 216, 226; Kovach v Hurlburt, 267 AD2d 824, 825). While we agree that an oral order issued by a court may be deemed a lawful mandate under Judiciary Law § 753 (A) (3) (see, Matter of Betancourt v Boughton, 204 AD2d 804, 808), the critical issue becomes whether Brockbank can be charged with actual knowledge of the oral order here (see, McCain v Dinkins, supra at 226, 228; Kovach v Hurlburt, supra at 825; Matter of Hoglund v Hoglund, 234 AD2d 794, 795). With

the burden upon plaintiffs to establish the violation with reasonable certainty (see, *Matter of Hoglund v Hoglund, supra* at 796), we find the proffer lacking.

Supreme Court issued the oral gag order on January 8, 2001 and thereafter referred to it, for the first time on the record, during a colloquy in the attorneys' lounge between all counsel and newsperson Darcy Wells. Even if reference to such oral order in that transcript constituted a lawful "mandate" for the purposes of Judiciary Law § 753 (A) (3), no facts demonstrate that Brockbank had actual knowledge thereof (see, *Kovach v Hurlburt, supra* at 825). Although Brockbank does admit that he and Jeffrey Miller, the City's privately retained counsel, had previously discussed the matter of pretrial publicity, there remains insufficient proof to controvert Brockbank's assertion that he was unaware of the court's specific directive given outside of his presence. Thus, even acknowledging Brockbank's status as an agent of the City (see, *McCain v Dinkins, supra* at 227-228) and Supreme Court's disbelief of his testimony, the proffer is simply "insufficient to meet the standard of reasonable certainty" (*Panza v Nelson*, 54 AD2d 928, 928).

Moreover, we find that the fines grounded upon the determination that Brockbank violated the Code of Professional Responsibility were unauthorized (see, *Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5); such violation should have instead been pursued with the Committee on Professional Standards (see generally, *Matter of Sullivan*, 185 AD2d 440). As to sanctions imposed pursuant to 22 NYCRR 130-1.1 (c) (2), we note that plaintiffs did not seek relief upon this basis nor does the record support Supreme Court's imposition thereof (see, 22 NYCRR 130-1.1 [d]), even when pursued upon its own initiative in the exercise of its discretion (see, *De Ruzzio v De Ruzzio*, 287 AD2d 896, 897-898).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.