■ ESTATE OF FLORA M. GARDNER, Plaintiff, v ANTHONY CARSON, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. ALAN GARDNER, Third-Party Defendant-Appellant. [743 NYS2d 326] —Rose, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered January 14, 2000 in Essex County, which, inter alia, found third-party defendant in civil contempt, and (2) from an order of said court, entered February 3, 2000 in Essex County, which imposed a fine upon third-party defendant.

In this action to quiet title to property leased to a partnership between defendant Anthony Carson (hereinafter defendant) and third-party defendant, Alan Gardner, and for an accounting of partnership assets, Supreme Court granted defendant partial summary judgment declaring the withdrawal provision of their partnership agreement to be binding and directing Gardner to make an offer to purchase defendant's partnership equity within 60 days. Gardner appealed and refused to make the judicially-required offer. After this Court denied Gardner's motion for a stay pending appeal, defendant moved to have him held in contempt for willfully disobeying the order by failing to make the offer. Supreme Court granted the motion and immediately imposed a $250 fine, which Gardner paid. Then, after a hearing, Supreme Court ordered Gardner to pay an additional amount representing counsel fees incurred by defendant in obtaining the contempt order. This Court then affirmed the grant of partial summary judgment, but reversed the direction that Gardner make a purchase offer within the time frame set by Supreme Court (271 AD2d 721, 722-723). Gardner now appeals from both of Supreme Court's intervening orders. We affirm.

Although this Court ultimately reversed the pertinent provision of Supreme Court's summary judgment order, Gardner concedes that it had not been reversed, stayed or vacated at the time defendant's contempt motion was granted. As "[a]n order of the court must be obeyed even if erroneously made, so

long as the court has jurisdiction, and the order was not void on its face" (*Matter of Bickwid v Deutsch*, 229 AD2d 533, 534-535, *lv denied* 89 NY2d 802), Gardner could not disregard the order with impunity. While it is true that CPLR 5015 (a) (5) authorizes a court to relieve an affected party from an order once it is reversed, an application for such relief must be made to the court that issued the order (*see, Commissioner of Labor of State of N.Y. v Hinman*, 103 AD2d 886, 886; *Hrouda v Winne*, 77 AD2d 62, 64-65; *Brenner v Arterial Plaza*, 29 AD2d 815, 815-816). Gardner made no such application.

Gardner also argues that the fine imposed should be set aside because its amount is unreasonable. "Any penalty imposed [for civil contempt] is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both * * *" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239 [citations omitted]; *see, McCain v Dinkins*, 84 NY2d 216, 226). In addition to the statutory maximum of $250 that may be imposed where no actual loss or injury is shown to have occurred, " 'reasonable counsel fees which are incurred in connection with an application to punish another for contempt are properly included as an item of the aggrieved party's "costs and expenses" ' " (*Costanza v Costanza*, 213 AD2d 1043, 1044, quoting *Glanzman v Fischman*, 143 AD2d 880, 881, *lv dismissed* 74 NY2d 792). Since the record contains undisputed evidence of the amount of fees incurred by defendant, Supreme Court's award of that amount was proper (*see, Sager Spuck Statewide Supply Co. v Meyer*, 282 AD2d 971, 973).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.