■ BENEFICIAL HOMEOWNER SERVICE CORPORATION, Respondent, v MICHELE MASON, as Administrator of the Estate of KEVIN DALE MASON, Also Known as KEVIN D. MASON, et al., Appellants. [943 NYS2d 651]—

Mercure, J.P. Appeal from an order of the Supreme Court (Becker, J.), entered June 15, 2011 in Delaware County, which granted plaintiff's motion to dismiss defendants' counterclaims.

In 2009, Kevin D. Mason (hereinafter decedent) purchased a mortgage life insurance policy from First Central Life Insurance Company to cover the balance due to plaintiff under a mortgage agreement between plaintiff and decedent in the event of his death. When decedent died shortly thereafter, First Central refused to pay benefits under the policy. Defendant Michele Mason, the administrator of decedent's estate, then commenced a breach of contract action against First Central (hereinafter the First Central action).

While the First Central action was pending, plaintiff commenced the instant action to foreclose on the mortgage. Defendants (including Mason) answered, asserting three counterclaims alleging breach of contract, punitive damages, and breach of implied covenant of good faith and fair dealing. Supreme Court (Reynolds Fitzgerald, J.) thereafter granted First Central's motion to dismiss the complaint in the First Central action, and Mason appealed. While the appeal in the First Central action was pending, plaintiff moved to dismiss defendants' counterclaims in the instant action, asserting that they were barred by collateral estoppel based upon Supreme Court's dismissal of the same claims in the First Central action. Supreme Court granted the motion and dismissed the counterclaims in this case.

Thereafter, this Court reversed the decision in the First Central action and reinstated the first cause of action for breach of contract (*Mason v First Cent. Natl. Life Ins. Co. of N.Y.*, 86 AD3d 854 [2011]). Defendants now appeal from Supreme Court's order dismissing the counterclaims in the instant action, arguing that the counterclaims are no longer collaterally estopped because the order in the First Central action has been reversed.

Defendants have failed to demonstrate any error in the dismissal of their counterclaims on collateral estoppel grounds, inasmuch as it is undisputed that, at the time Supreme Court issued the order on appeal here, the same allegations had already been considered and rejected in the First Central action after a full and fair opportunity to litigate the issues (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). To the extent that defendants argue that this Court's subsequent reversal of that order requires reinstatement of their counterclaims in this action, that argument is not properly before us in the absence of an application by defendants to the issuing court for relief pursuant to CPLR 5015 (a) (5) (*see Estate of Gardner v Carson*, 295 AD2d 709, 710 [2002]; *see also Commissioner of Labor of State of N.Y. v Hinman*, 103 AD2d 886, 886 [1984], *appeal dismissed* 64 NY2d 756 [1984]; *cf. Halpern v Amtorg Trading Corp.*, 292 NY 42, 48-49 [1944]).*

Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 ---

* There is no specific time limitation for the making of a motion pursuant to CPLR 5015 (a) (5); a reasonable time is implied (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:3, at 205-206).