■ EDNA YEMINI, Respondent, v ANDREW SHARPE et al., Respondents, and TIBOR HOLLANDER, Appellant. [8 NYS3d 397]—

In an action to recover damages for personal injuries, the defendant Tibor Hollander appeals from an interlocutory judgment of the Supreme Court, Kings County (Jimenez-Salta, J.), entered June 3, 2014, which, upon an order of the same court dated May 7, 2014, striking his answer and cross claim, is in favor of the plaintiff and against him, in effect, on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, the order is vacated, and the answer and cross claim of the defendant Tibor Hollander are reinstated.

On Monday morning, May 5, 2014, after a jury had already been selected, and immediately before the defendant Tibor Hollander was expected to begin testifying, Hollander's attorney advised the trial court, for the first time, that her client would require the services of an "Old Hungarian" interpreter. After an extended colloquy, and an effort to obtain such an interpreter, the court informed counsel that the services of an "Old Hungarian" interpreter could not be obtained. The proceedings were then adjourned, and the court directed that, on the following day, Hollander would testify either through a modern standard Hungarian interpreter, or, if no such interpreter were available, in English, as he had done during the course of a pretrial deposition.

On May 6, 2014, Hollander's attorney "reassert[ed] [her] client's right to a court appointed . . . Old Hungarian interpreter." As a result of counsel's insistence upon her client's supposed right to an "Old Hungarian" interpreter, as well as certain other discourteous behavior on counsel's part, the Supreme Court struck Hollander's answer.

Under all of the circumstances presented here, it was an improvident exercise of the Supreme Court's discretion to impose the extreme sanction of striking Hollander's answer. This case does not reflect the sort of "fraud on the court" which would warrant such a sanction (cf. CDR Creances S.A.S. v Cohen, 23 NY3d 307, 320-321 [2014]). Moreover, this sort of sanction is "an extreme remedy that 'must be exercised with restraint and discretion' " (CDR Creances S.A.S. v Cohen, 23 NY3d at 321, quoting Chambers v NASCO, Inc., 501 US 32, 44 [1991]; see Dodson v Runyon, 86 F3d 37, 39 [2d Cir 1996]; McMunn v Memorial Sloan-Kettering Cancer Ctr., 191 F Supp 2d 440, 461 [SD NY 2002]).

Under the particular circumstances of this case, the determi-

nation as to the propriety and extent of any sanctions to be imposed upon Hollander's counsel should only have been made "upon motion in compliance with CPLR 2214 or 2215" (22 NYCRR 130-1.1 [d]). Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.