■ In the Matter of NEW YORK STATE OFFICE OF VICTIM SERVICES, on Behalf of ALAN GOLD, Petitioner, v KENNETH ROBINSON, Respondent. ALAN GOLD, Appellant. MICHAEL MANGAN, Respondent. [57 NYS3d 741]—

Devine, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered May 9, 2016 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, denied Alan Gold's motion to find Michael Mangan in contempt.

Respondent, Kenneth Robinson, was an inmate at Rikers Island in 2005 and, while there, assaulted correction officer Alan Gold. Robinson was subjected to a retaliatory beating by correction officers, causing him to commence and eventually settle a federal civil rights action for a sum of money that was deposited in the escrow account of attorney Michael Mangan. Petitioner commenced the present proceeding on behalf of Gold who, after learning of the federal settlement, aimed to commence an action against Robinson to recover for his injuries. Supreme Court granted a preliminary injunction in 2010 that barred Mangan and others from disposing of the settlement monies until further order of the court.

Gold sued Robinson in Suffolk County and, despite Robinson's pro se efforts (see Matter of Robinson v Spinner, 101 AD3d 1130, 1130 [2012], appeal dismissed 21 NY3d 886 [2013]), obtained a judgment against him in 2013. In 2014, upon Gold's motion in this proceeding, Supreme Court vacated the preliminary injunction and directed Mangan to pay over certain monies to Gold. Mangan responded by moving to vacate the Suffolk County judgment and, in this proceeding, for relief including a stay of enforcement of the 2014 order until that motion was resolved.

Supreme Court granted the requested stay in April 2015, ap-

parently unaware that Mangan's motion to vacate the Suffolk County judgment had been denied two months earlier. Mangan continued to fail to keep Supreme Court apprised of developments in the Suffolk County action, in contravention of an express direction to do so in the April 2015 order. Supreme Court learned of the true state of affairs in August 2015 and, while it temporarily left the stay in place, it lifted the stay in December 2015 after Mangan declined to seek an extension. Mangan disbursed the demanded monies to counsel for Gold soon after.

Gold moved to hold Mangan in contempt a week before Supreme Court formally lifted the stay, pointing to Mangan's omissions with regard to the Suffolk County action and his generally obstructive conduct. Supreme Court, while acknowledging Mangan's behavior to be a wellspring of "frustrations and delays," found that it did not warrant holding him in contempt. Gold appeals and we affirm.

"To make a finding of civil contempt, it must be shown that, to a reasonable degree of certainty, a party has knowingly disobeyed a clear and unequivocal mandate of the court which results in prejudice to the rights of another party" (*Tel Oil Co. v City of Schenectady*, 292 AD2d 725, 725 [2002] [citations omitted]; *see* Judiciary Law § 753 [A] [1], [3]; *El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; *Hush v Taylor*, 121 AD3d 1363, 1364 [2014]). Gold asserts that Mangan violated the Rules of Professional Conduct in numerous respects, most of which did not involve the disregard of a clear and unequivocal court mandate and, under the circumstances presented, could be pursued through a complaint to the Attorney Grievance Committee rather than in a motion for contempt (*see Tel Oil Co. v City of Schenectady*, 292 AD2d at 726; *Matter of Photosound, Inc. v Gourdine*, 118 AD2d 472, 472 [1986]; *see also* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.3 [a]).

Turning to behavior violative of a court mandate, Mangan admittedly failed to keep Supreme Court apprised of his efforts to vacate the Suffolk County judgment despite having been directed to do so. Supreme Court nevertheless continued to stay enforcement of its 2014 order once it learned of the true state of play—which included Mangan attempting to appeal from the order denying vacatur of the Suffolk County judgment—and Mangan promptly paid the demanded funds to Gold once the stay was lifted. Thus, Supreme Court believed the stay to be warranted even after learning of Mangan's less than candid conduct and, in the absence of any prejudice to Gold flowing from that conduct, Supreme Court properly declined to

hold Mangan in contempt (*see Matter of DeMeo v City of Albany*, 73 AD3d 1316, 1317 [2010], *lv dismissed* 15 NY3d 819 [2010]; *Matter of Augat v Hart*, 244 AD2d 800, 802 [1997]).

Gold's arguments, to the extent they are not addressed above, have been examined and afford no basis for disturbing the order on appeal.

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.