Matter of Pena v Chadee (2021 NY Slip Op 04140)





Matter of Pena v Chadee


2021 NY Slip Op 04140


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-01493
2019-01494
 (Docket No. F-4514-14)

[*1]In the Matter of Carlos Pena, appellant,
v
Sandy Chadee, respondent.


J. Douglas Barics, Commack, NY, for appellant.
Rhea G. Friedman, New York, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Richmond County (Peter F. De Lizzo, J.), dated January 3, 2019, and (2) an order of the same court dated January 11, 2019. The order dated January 3, 2019, insofar as appealed from, denied the father's objections to so much of an order of disposition of the same court (Gregory Gliedman, S.M.) dated October 10, 2018, as, after a hearing, and upon findings of fact dated October 9, 2018, calculated the mother's child support arrears to be in the amount of only $23,625. The order dated January 11, 2019, insofar as appealed from, granted the mother's objections to (a) so much of the order of disposition as, after a hearing, and upon the findings of fact, determined that the mother willfully violated a prior order of child support and directed the entry of a money judgment, (b) an order of the same court (Gregory Gliedman, S.M.) dated October 9, 2018, which, after a hearing, and upon the findings of fact, dismissed the mother's petition for a downward modification of her child support obligation, and (c) a money judgment of the same court (Gregory Gliedman, S.M.) dated October 9, 2018, which, upon the order of disposition, is in favor of the father and against the mother in the principal sum of $23,625.
ORDERED that the appeal from the order dated January 3, 2019, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated January 11, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties have a child in common and the mother was ordered to pay child support to the father in an order (hereinafter the child support order). By petition dated October 16, 2014, the father commenced a proceeding against the mother alleging a violation of the child support order (hereinafter enforcement petition). By petition dated May 8, 2015, the mother commenced a proceeding against the father seeking a downward modification of her child support obligation (hereinafter modification petition).
By order of disposition dated October 10, 2018, upon findings of fact dated October 9, 2018, made after a hearing, the Support Magistrate, inter alia, determined that the mother willfully failed to obey the child support order, calculated the mother's child support arrears to be in the [*2]amount of $23,625, and directed that judgment be entered in favor of the father and against the mother. By order dated October 9, 2018, upon the findings of fact, made after the hearing, the Support Magistrate dismissed the mother's modification petition. The Support Magistrate entered a money judgment dated October 9, 2018, in favor of the father and against the mother in the principal sum of $23,625.
The father filed objections to, inter alia, the order of disposition. The mother filed objections to, among other things, the order of disposition, the order dated October 9, 2018, and the money judgment. By order dated January 3, 2019, the Family Court, among other things, denied the father's objection to the Support Magistrate's calculation of child support arrears. By order dated January 11, 2019, the court granted the mother's objections in their entirety, vacated the order of disposition, vacated the order dated October 9, 2018, in effect, vacated the money judgment, and remitted the mother's modification petition to the Support Magistrate for further proceedings. The father appeals from the orders dated January 3, 2019, and January 11, 2019.
Contrary to the father's contention, the Family Court did not err in conducting a hearing on the enforcement and modification petitions. With respect to the enforcement petition, evidence of a failure to pay child support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 68-69). Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Schad v Schad, 158 AD3d 705, 706). Where factual issues exist regarding the ability to pay an order, a hearing is required (see Lundgren v Lundgren, 127 AD3d 938, 941; Kovach v Hurlburt, 267 AD2d 824). Here, factual issues existed which necessitated the hearing on the father's enforcement petition. With respect to the mother's modification petition, her petition sufficiently alleged a substantial change in circumstances (see Family Ct Act § 451[2]; [3][a]), which required a hearing.
Contrary to the father's contention, the Family Court did not err in permitting the mother's expert witness to testify at the hearing in the absence of notice to the father. CPLR 3101(d)(1)(i) provides, in pertinent part, "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial" (emphasis added). Here, the father's demand for discovery that was in effect at the time failed to request any information concerning expert witnesses and, accordingly, the mother had no obligation to provide the father with notice of her expert witness.
Contrary to the father's contention, the Family Court did not err by vacating the order of disposition or, in effect, vacating the money judgment issued upon the order of disposition when it granted the mother's objections (see Family Ct Act § 454[2][b]; CPLR 5015[a][5]). In light of our determinations, the father's appeal from the order dated January 3, 2019, which, among other things, denied his objections to the calculation of child support arrears, is academic.
The father's remaining contentions are without merit.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court