Matter of Chadee v Pena (2025 NY Slip Op 01215)

Matter of Chadee v Pena

2025 NY Slip Op 01215

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-03474
 (Docket No. F-6878-19)

[*1]In the Matter of Sandy Nathala Chadee, respondent, 
v
Carlos Pena, appellant.

Carlos Pena, Greenfield, Massachusetts, appellant pro se.
Sandy Nathala Chadee, Brooklyn, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated October 2, 2023. The order denied the father's objections to an amended order of the same court (Nicholas J. Palos, S.M.) dated July 20, 2023, which, after a hearing, and following an order of the same court (Michael R. Milsap, J.) dated March 6, 2023, granting the father's objections to an order of the same court (Nicholas J. Palos, S.M.) dated January 3, 2023, only to the extent of remitting the matter to the Support Magistrate to amend the order dated January 3, 2023, so as to reflect that it was not issued on default and to include that the child has certain healthcare coverage, granted the mother's petition for a downward modification of her child support obligation.
ORDERED that on the Court's own motion, the notice of appeal from the order dated March 6, 2023, is deemed to be a premature notice of appeal from the order dated October 2, 2023 (see CPLR 5520[c]); and it is further,
ORDERED that the order dated October 2, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The parties have a child together, and the mother was ordered to pay child support to the father. In an order dated October 9, 2018, after a hearing, a Support Magistrate dismissed the mother's petition for a downward modification of her child support obligation. In an order dated January 11, 2019, the Family Court granted the mother's objections to the order dated October 9, 2018, finding that the mother established a substantial change of circumstances warranting a downward modification of her child support obligation and that she established that she was unable to work due to a disability. The Family Court remitted the matter to the Support Magistrate for further proceedings. The father appealed, inter alia, from so much of the order dated January 11, 2019, as granted the mother's objections to the order dated October 9, 2018, and this Court affirmed the order dated January 11, 2019, insofar as appealed from (see Matter of Pena v Chadee, 195 AD3d 1030).
In an order dated January 3, 2023, after a hearing, a Support Magistrate granted the mother's petition for a downward modification of her child support obligation. The father filed [*2]objections to the order dated January 3, 2023. In an order dated March 6, 2023, the Family Court granted the father's objections to the order dated January 3, 2023, only to the extent of remitting the matter to the Support Magistrate to amend the order dated January 3, 2023, so as to reflect that it was not issued on default and to include that the child has certain healthcare coverage. In an amended order dated July 20, 2023, the Support Magistrate granted the mother's petition for a downward modification of her child support obligation. In an order dated October 2, 2023, the court denied the father's objections to the amended order dated July 20, 2023. The father appeals.
The father contends that the mother failed to establish a substantial change of circumstances warranting a downward modification of her child support obligation and her inability to work. "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the [Family] Court, as well as on the appellate court" (Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1082; see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d 727, 727-728). The doctrine of the law of the case operates to foreclose re-examination of the issue absent a showing of subsequent evidence or a change of law (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 756, 757; Matter of Norton v Town of Islip, 167 AD3d 624, 626). "The law of the case doctrine generally precludes a party from raising an argument on a subsequent appeal that 'w[as] raised or could have been raised' on a prior appeal" (Matter of Child A. [Parent M.], 228 AD3d 858, 860, quoting Hudson City Sav. Bank v Berry, 178 AD3d 686, 687). Here, issues related to a substantial change in circumstances and whether the mother was able to work were determined by the Family Court in the order dated January 11, 2019. The father could have and should have raised these issues in his appeal from that order. Moreover, the father did not make a showing of subsequent evidence or a change of law. Accordingly, the decision and order of this Court on the prior appeal precludes re-examination of the issues of a substantial change of circumstances and the mother's ability to work (see Matter of Child A. [Parent M.], 228 AD3d at 860).
Contrary to the father's contention, the Support Magistrate properly calculated the amount of the mother's arrears for a 10-month period in which she was not receiving Social Security disability benefits.
The father's remaining contentions are either without merit or not properly before this Court.
We decline the mother's request to impose sanctions upon the father in connection with this appeal (see 22 NYCRR 130-1.1).
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court