Matter of Hornedo v Alfonzo (2025 NY Slip Op 03571)

Matter of Hornedo v Alfonzo

2025 NY Slip Op 03571

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2024-08756
 (Docket No. F-567-22/23A)

[*1]In the Matter of Kristin Marie Hornedo, respondent, 
v
Adam Jacob Alfonzo, appellant.

Linda C. Braunsberg, Staten Island, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated August 14, 2024. The order, after a hearing, confirmed so much of an order of the same court (Jacqueline Cabrera, S.M.) dated May 13, 2024, made after a hearing, and upon findings of fact also dated May 13, 2024, as found that the father willfully violated an order of support dated October 27, 2023, and directed that the father be incarcerated for periods of up to six months unless he paid purge amounts to the mother in the sums of $15,826.94 and $10,000 on or before certain dates.
ORDERED that the order dated August 14, 2024, is affirmed, without costs or disbursements.
The parties are the parents of one child, born in July 2019. An order of support dated October 27, 2023 (hereinafter the child support order), directed the father to pay basic child support in the monthly sum of $1,108.05. In December 2023, the mother commenced this proceeding, alleging that the father willfully violated the child support order. In an order dated May 13, 2024, made after a hearing and upon findings of fact also dated May 13, 2024, a Support Magistrate, inter alia, found that the father had willfully violated the child support order and recommended that the father be incarcerated for a period of six months unless he paid a certain purge amount. In an order dated August 14, 2024, the Family Court confirmed the Support Magistrate's finding of willfulness, and directed that the father be incarcerated for periods of up to six months unless he paid purge amounts to the mother in the sums of $15,826.94 and $10,000 on or before certain dates. The father appeals.
Evidence of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Gillison v Gillison, 122 AD3d 926, 927). This prima facie showing shifted the burden of proof to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Pena v Chadee, 195 AD3d 1030, 1032). The father failed to satisfy this burden, as he did not present competent, credible evidence that he made reasonable efforts to obtain employment to meet his child support obligations (see Matter of McMinn v Taylor, 118 AD3d 887, 888).
Where, as here, a willful violation of an order of support is found, the determination [*2]as to the appropriate sanction lies within the Family Court's discretion (see Matter of Gioia v Gioia, 204 AD3d 912, 914). Under the circumstances of this case, the Family Court did not improvidently exercise its discretion with respect to the sanction imposed, including with respect to the purge amounts.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court