| |
|---|
| **TGT, LLC v Meli** |
| 2025 NY Slip Op 32456(U) |
| July 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156744/2020 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

TGT, LLC,

                                    Plaintiff,

                    - v -

RICHARD MELI,

                                    Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156744/2020 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 338, 343, 345, 347, 348, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 381, 382, 385, 386, 403

were read on this motion to/for                    CONTEMPT                         .

Plaintiff TGT LLC (TGT) moves by Order to Show Cause for an order (1) holding Robert Piliero, Esq. and Robert Ontell, Esq.[1] in contempt of this court's orders dated February 18, 2022, July 12, 2024 and other intervening and subsequent orders to comply therewith; (2) directing Piliero to immediately pay the monetary sanction against respondent, Piliero's former client Richard Meli, of $349,500 and award of attorneys' fees set forth in the July 12, 2024 order; (3) directing Ontell and Piliero to immediately pay the award of attorneys' fees associated with TGT counsel's review of the July 2022 production of documents and judgment enforcement subpoena efforts made necessary by the insufficiency of that production; and (4) directing Ontell and Piliero to pay TGT's attorneys' fees incurred for this application.

---

[1] TGT asserts one significant wrongdoing by Ontell.  Accordingly, this decision addresses Piliero except with regard to Ontell's involvement in dismembering documents in a 20,000-page document dump.

**156744/2020   TGT, LLC vs. MELI, RICHARD**
**Motion No.  009**

**Page 1 of 8**

[* 1]

TGT holds a $9.8 million judgment entered on October 25, 2019 against Jospeh Meli and Advance Entertainment (Judgment Debtors) which as of August 2020 increased to $10 million including interest.  (Index No. 650633/2017, NYSCEF Doc. No. [NYSCEF] 462, Judgment.)

On October 1, 2020, TGT served Richard Meli, Joseph Meli's father, with subpoenas duces tecum and ad testificandum.  On February 18, 2022, Justice Edmead directed Richard Meli to comply with the subpoena.  (NYSCEF 111, Edmead Order.)

On July 12, 2024, the court issued a contempt order against Richard Meli fining him $349,500 because the 4JS Trust account balance declined by that amount between February 2022 and October 2022.  (NYSCEF 205, Decision and Order at 17-19.)

According to the court's records, Piliero appeared for Richard Meli on March 8, 2022.  The court rejects Piliero's argument that his representation began in June 2022.  During that time, TGT asserts that $155,000 was dissipated from the judgment debtor's assets.[2]  Piliero's representation terminated in September 2024.  (NYSCEF 262, September 1, 2024 Decision and Order.)

TGT seeks to hold Piliero responsible for aiding and abetting Richard Meli's contempt asserting that Piliero (1) violated the Rules of Professional Conduct by giving Richard Meli legal advice that the trust documents were not responsive to Justice Edmead's order or the subpoena when they were; (2) failed to advise Richard Meli to stop deletion of emails, WhatsApp messages, and signal messages when Richard Meli

---

[2] Piliero counters that the trust records show that as of June 24, 2022, the 4JS Trust only had a balance of $11,728, which declined to $478.99 by October 2022.  (*See* Index No. 153682/2023, NYSCEF 6, 4JS Trust Bank Statements at 101-01, 112.)  Since the court finds that Piliero's representation began in March 2022, the court rejects Piliero's argument.

**156744/2020   TGT, LLC vs. MELI, RICHARD**
Motion No.  009

**Page 2 of 8**

2 of 8

informed Piliero that he was deleting his communications or having communications deleted by automatic evaporation;[3] (3) failed to issue a litigation hold; (4) directed the dismemberment of 198 documents in a 20,000-page document dump, defending it when the vendor challenged the dismemberment, and then, when asked by the court to explain the disorganized July 29, 2022 production, referring to technical errors and blaming the e-discovery vendor.  (NYSCEF 190, Piliero May 23, 2023 tr at 12:16-21; NYSCEF 170, Richard Meli aff ¶12 at 15 [submitting Richard Meli affidavit in which Meli states "I don't know how to respond to the claim that the document production may have been disorganized, other than to point out there were a large volume of documents produced in a rush"].)

One "who assists another in a violation of judicial mandate can be equally as guilty of contempt as the primary contemnor."  (*McCormick v Axelrod*, 59 NY2d 574, 584 [1983] [citations omitted]; *see Pala Assets Holdings Ltd. v Rolta, LLC*, 205 AD3d 457, 458 [1st Dept 2022] [fining a nonparty $10,000 per day for a four-month period because the nonparty assisted a debtor in "disobey[ing]" and "evad[ing] compliance with" a "turnover order"].)

To hold parties or nonparties in contempt, movants must satisfy the requirements of Judiciary Law § 753: (1) a determination "that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect"; (2) the "appear[ance], with reasonable certainty, that the order has been disobeyed"; (3) "knowledge of the court's order" by "the party to be held in contempt"; and (4) "prejudice to the right of a party to the litigation."  (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015] [internal quotation

---

[3] *See* NYSCEF 255, Richard Meli aff; NYSCEF 256, Piliero aff.

156744/2020   TGT, LLC vs. MELI, RICHARD
Motion No.  009

Page 3 of 8

3 of 8

marks omitted].)  "Although the contempt punishment is not available for the general enforcement of money judgments[,] it does serve as the sanction to implement several of the devices that Article 52 of the CPLR offers to aid in the money judgment enforcement process."  (*Home Heating Oil Corp. v Parris*, 65 Misc 3d 1216[A], 2019 NY Slip Op 51663[U], *4 [Civ Ct, Kings County 2019] [emphasis, citation, and internal quotation marks omitted].)  "The power to punish a judgment debtor for civil contempt resides in" the court issuing the judgment, and "Section 753 *et seq.* of the Judiciary Law provide that the punishment may take the forms of fine and commitment."  (*Sure Fire Fuel Corp. v Martinez*, 75 Misc 2d 714, 715 [Civ Ct, NY County 1973].)  For example, "[t]he wilful failure to comply with [a] … payment order can render a judgment debtor liable for punishment for contempt.  Without this right there would be no power in the court to enforce its order."  (*Bank of Smithtown v Troy & Troy, P.C.*, 56 Misc 3d 1220[A], 2017 NY Slip Op 51107[U], *1 [Sup Ct, Suffolk County 2017] [citations omitted].)  The power to hold a debtor and those who assist the debtor liable is essential to the integrity of the judicial system and the Rule of Law.

Judiciary Law § 773 provides for a fine calculated on the "actual loss or injury … caused to a party" by the violation of the order by "the offender" while at the same time requiring a fine "sufficient to indemnify the aggrieved party."  (Judiciary Law § 773.)

In addition to contempt, plaintiff asserts fraud on the court.  (*See CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 323-24 [2014] [defendants "intended to undermine the New York actions in which plaintiff sought to discover and procure the concealed proceeds of the loan agreement" and thereby "prejudiced the plaintiff by impeding its ability to obtain true discovery and forcing plaintiff to spend enormous amounts of

**156744/2020  TGT, LLC vs. MELI, RICHARD**                                        **Page 4 of 8**
**Motion No.  009**

4 of 8

[* 4]

money and time to prove its case"].)  Fraud on the court involves persistent misrepresentations that go to the heart of the dispute before the court.  (*Id.* 319 [lying at a deposition, destroying potentially critical evidence, and misleading the defendant to prevent the deposition of a material witness]; *see also e.g. Williams v Scafidi*, 205 AD3d 1175, 1177-79 [3d Dept 2022] [presenting forged document regarding sale in property dispute and lying about it], *lv denied* 39 NY3d 902 [2022]; *Jingyi Ni v Shenlaw, LLC*, 83 Misc 3d 1283[A], 2024 NY Slip Op 51148[U], *3 [Sup Ct, NY County 2024] [presenting fabricated exhibits]; *Midland Funding LLC v Austinnam*, 46 Misc 3d 1207[A], 2015 NY Slip Op 50010[U], *7-8 [Mount Vernon City Ct, 2015] [finding attorneys engaged in conduct "tantamount . . . to perpetrat[ing] a fraud upon the Court" by bringing a meritless case, obtaining a baseless default judgment, and repeatedly making false statements]; *Fed. Home Loan Mortg. Corp. v Raia*, 29 Misc 3d 1226[A], 2010 NY Slip Op 52003[U], *4 [Nassau Dist Ct, 1st Dist 2010] [fining attorney sanctionable for fraud on the court].)

It is undisputed that the court's orders were valid and that Piliero was aware of them; the evidence is overwhelming.  The question is whether his advocacy violated those orders.  This motion raises the question of when a lawyer crosses the line from giving advice to aiding and abetting a client's contemptuous conduct.

The court found that Piliero's advice concerning trust documents was wrong,[4] but that is not enough, alone, to support contempt.  Moreover, Piliero's violation of professional or ethical rules alone would not suffice to hold him in contempt.  (*See New York State Off. of Victim Servs. v Robinson*, 151 AD3d 1515, 1516 [3d Dept 2017][5]; *see*

---

[4] NYSCEF 205, July 12, 2024 Decision and Order.
[5] When in Part 48, counsel for Piliero and Ontell is directed to follow the custom and practice of citing cases by plaintiff's name.

**156744/2020   TGT, LLC vs. MELI, RICHARD**
**Motion No.  009**

**Page 5 of 8**

*also Tel Oil Co. Inc. v City of Schenecta*dy, 292 AD2d 725, 726 [3d Dept 2002].)  As to Piliero's failures regarding Richard Meli's deletion of communications, again the court finds that Piliero was wrong, but such negligence, alone, is not contempt.  Finally, as to the document dump with dismembered documents, Piliero's overt actions (directing the dismemberment and saying otherwise to this court) crossed the line from attorney to participant.  This was not a failure in how the documents were originally kept.  (*See H.P.S. Mgmt. Co. v St. Paul Surplus Lines Ins. Co.*, 127 AD3d 1018, 1019 [2d Dept 2015].)  The court cannot find that Piliero's conduct was a "careless" statement, but a calculated strategy.  Taken together, the court finds that overall Piliero's conduct is unprofessional and will be punished.

Finally, the court finds that TGT was harmed by the amount of legal fees incurred in organizing the document dump and chasing Richard Meli to comply with court orders.  TGT shall submit an affirmation of services targeted at Piliero's conduct and for which TGT has not already been reimbursed by Richard Me

Obviously, the court rejects Pilliero's excuses.  (NYSCEF 348, Piliero aff; NYSCEF 372, Piliero aff correcting misstatement in NYSCEF 348.)  Piliero's argument blaming TGT for Piliero's sharp practice is particularly objectionable.  (NYSCEF 347, Piliero's MOL at 20/21.)  This is a variation of victim blaming, pure and simple.  It normalizes bad behavior and undermines justice.  It will not be countenanced by this court.

While contempt could certainly be found here, the court finds that the appropriate remedy is to sanction Piliero for his overall improper litigation conduct under Rules of the Chief Administrator of the Courts (22 NYCRR) Part 130 which limits the sanction to

**156744/2020  TGT, LLC vs. MELI, RICHARD**                                    **Page 6 of 8**
 **Motion No.  009**

6 of 8

[* 6]

$10,000 against an attorney for any single occurrence of frivolous conduct. (*See* Rules of Chief Admr of Cts [22 NYCRR] §§ 130-1.1, 130-1.2.) In addition, Piliero shall pay TGT's legal fees caused by such conduct. (*Fed. Home Loan Mortg. Corp.*, 29 Misc 3d 1226[A], 2010 NY Slip Op 52003[U], *4 [Nassau Dist Ct, 1st Dist 2010] [finding fraud on the court and imposing attorneys' fees and a sanction under Part 130].) While TGT relies on different authority for the penalty sought, the court finds that Rule 130 is the appropriate legal basis. (*Cf. Yemini v Sharpe*, 128 AD3d 687, 688 [1st Dept 2015] [rejecting a claim of fraud on the court, and finding that any sanctions to be made on counsel for "discourteous" behavior should have been made through a motion in compliance with CPLR §§ 2214 or 2215].) Ontell's participation in the dismemberment is also sanctionable; he should have advocated against it and refused. The court finds that a Rule 130 fine and reimbursement of legal fees is proportionate.

Accordingly, it is

ORDERED, that TGT's motion is granted, in part, to the extent that Piliero and Ontel are found to have engaged in frivolous conduct; and it is further

ORDERED that Piliero, without any charge to his client, is hereby sanctioned in the amount of $10,000, payable to the Lawyers' Fund for Client Protection, 119 Washington Avenue, Albany, New York 12210, info@nylawfund.org, (800) 442-3863, within 30 days of service of a copy of this order with notice of entry; and it is further

ORDERED that Ontell, without any charge to his client, is hereby sanctioned in the amount of $500, payable to the Lawyers' Fund for Client Protection, 119 Washington Avenue, Albany, New York 12210, info@nylawfund.org, (800) 442-3863, within 30 days of service of a copy of this order with notice of entry; and it is further

**156744/2020  TGT, LLC vs. MELI, RICHARD**
**Motion No.  009**

**Page 7 of 8**

[* 7]

ORDERED that written proof of the payment of these sanctions be provided to the Clerk of Part 48 and opposing counsel within 35 days after service of a copy of this order with notice of entry; and it is further

ORDERED that, in the event that such proof of payment is not provided in a timely manner, the Clerk of the Court, upon service upon him of a copy of this order with notice of entry and the Lawyers' Fund for Client Protection's affirmation or affidavit reciting the fact of such non-payment, shall enter judgments in favor of the Lawyers' Fund for Client Protection and against Piliero and Ontell in the aforesaid sums; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the Part be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that Piliero and Ontell shall forward a copy of this order to the Lawyers' Fund for Client Protection; and it is further

ORDERED that within 30 days, TGT shall submit an affirmation of services targeted at the increased costs that it incurred as a result of Piliero's unprofessional conduct. Piliero may submit opposition within 14 days thereafter.

20250711131544AMASLEY85A177D0DC40454593387B111E94E1C9

| _____**7/11/2025**_____ | | _____ |
| **DATE** | | **ANDREA MASLEY, J.S.C.** |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**156744/2020   TGT, LLC vs. MELI, RICHARD**                                                    **Page 8 of 8**
**Motion No.  009**

[* 8]